[342]    *JOHN REED et al. APPELLANTS, v. JAMES Mc-
CORMICK et al. RESPONDENTS.

[1] DISTRICT COURTS—JURISDICTION.—District Courts have no appellate jurisdiction.

IDEM—APPEAL DOES NOT LIE FROM PROBATE COURT.—The 6th section of Article VI of the Constitution, which provides, that in all issues of fact joined in the Probate Courts, the jurisdiction of the District Courts shall be unlimited, does not give the District Court appellate jurisdiction from the Probate Courts.

APPEAL from the Seventh Judicial District.

This cause originated in the final settlement in the Probate Court of Marin County, of the accounts of the defendant, McCormick, as administrator of John Reed, deceased, and guardian of his infant children.

The Court decreed, that nothing had come into the hands of McCormick, as administrator, and that the funds which had come into his hands, belonged to the infants, and disallowed certain claims presented by McCormick, as administrator, a portion of which he had paid out of the funds in his hands.

The defendants appealed to the District Court, which reversed the decree of the Probate Court, decided that McCormick had received the funds as administrator, and allowed the claims. Whereupon the plaintiff appealed to this Court.

*Gregory Yale,* for Appellants.

*J. K. Irving & R. V. Groat,* for Respondents.

Mr. J. HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

---

[1] Followed same term in *Franklin* v. *Keller,* (not reported.) Commented on in *Parsons* v. *Tuol. Co. W. Co.* 5 *Cal.* 44; *Keller* v. *De Franklin,* Id. 433. Cited in *Beckett* v. *Selover,* 7 Cal. 240; *People* v. *Fowler,* 9 Cal. 86. See *Caulfield* v. *Hudson,* 3 Cal 389; *Townsend* v. *Brooks,* 5 Cal. 52; *Zander* v. *Coe,* Id. 230.

In *Caulfield* v. *Hudson,* at the last January term, we held that under .the constitutional distribution of judicial power, the District Court had no appellate jurisdiction. We then, however, specially reserved the question as to the power of the District Court over the Probate Courts, and that question it now becomes necessary to decide. The 6th section of Article VI of the Constitutution declares: "The District Courts * shall have original jurisdiction in [343] law and equity in all civil cases, where the amount in dispute exceeds two hundred dollars, exclusive of interest. In all criminal cases not otherwise provided for, and in all issues of fact joined in the Probate Courts, their jurisdiction shall be unlimited."

The question to be decided is, whether the word "unlimited" qualifies the character of the jurisdiction fixed by the term ."original," or whether it qualifies the specified limitation, as to amount in value fixed in the first paragraph of the section. We are compelled to decide in favor of the latter proposition. The term "original" is a general term of limitation, contradistinguished from the term "appellate," which latter defines the jurisdiction of the Supreme Court. If, therefore, a change in the general character of the jurisdiction was intended to take place in a certain class of cases, that change would have been designated by the use of the general term, which in all other parts is used for the purpose of conferring jurisdiction.

It is also strictly in consonance with the proper use of language, that where a limitation is removed, and there is an immediately prior specific limitation, the removal shall apply to the latter, and not be allowed to qualify a general term of limitation, which is more remote in its position in the sentence.

Besides this, the character of the cases in which the jurisdiction is to be unlimited, must have great weight in determining the quality of the jurisdiction. They are "issues of fact joined in the Probate Court," not tried or determined, but to be tried. An appeal from one Court to another, can only be where there has been a decision by the one. Without this, the trial by the other must be original,

notwithstanding that the issue has been framed under the direction and by the authority of the former.

The object of the provision, it seems to me, was to enable a system to be adopted, by which contested issues of fact in the Probate Courts might be sent for trial to the District Court, upon the same principle that issues are sent out of chancery to be tried in a court of common law by jury; and I am the more impressed with the correctness of this view, because I am unaware that any provision has been [344] made to afford the Pro-*bate Court the machinery of a jury, an institution which is altogether unusual to that tribunal. Again, the cases arising in that Court are eminently those of chancery jurisdiction, precluding, in most cases, the practicability of being tried by jury, and yet frequently giving rise to distinct particular issues of fact, which ought to be so tried and determined.

For these reasons, we have reached the conclusion that the District Court has, under the Constitution, no appellate jurisdiction from the Probate Courts, and the Acts conferring it are void.

The decree of the District Court in this case is reversed, the appeal to that Court is dismissed, and the cause is remanded to the Probate Court.