## MATTHEW KELLER, Appellant, *v.* MARIA F. C. R. DE FRANKLIN, Respondent.

The Probate Court has jurisdiction to try and determine issues of fact arising in proceedings before it.

The issues of fact joined in the Probate Court, and which are sent to the District Court for trial, are of that class upon which the Probate Judge is unwilling to pass his judgment, or where from great conflict of evidence, a reasonable doubt must exist in his mind as to which side has the right.

Rule fifty, established by this Court, requiring the Probate Judge, when an issue of fact is joined, to certify it for trial to the District Court, is intended to be limited to cases proper for such action,

The discretion of the Probate Court in this matter, is subject to review by the Supreme Court, and in case of gross abuse would be corrected.

WRIT OF ERROR from the Probate Court of Los Angeles County.

The facts material to the points decided appear in the opinion of the Court.

*J. R. Scott,* for Appellant.

The Probate Court has no jurisdiction to try and determine issues of fact. Constitution of Cal., Art. VI, § 6. Reed *et al. v.* McCormick, 4 Cal., 342.

*H. S. Love,* for Respondent.

To the point of jurisdiction of the Probate Court, cited no authorities.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., and BRYAN, J., concurred.

The appellant and respondent both applied to the Probate Court for letters of administration on the estate of Franklin,—the former as Public Administrator, the latter claiming to be the wife of the decedent. The appellant denied that respondent was the wife of Franklin. A hearing was had upon that question before the Probate Judge, who decided in her favor, and granted her the administration.

The appellant assigns for error, that the Probate Court has no jurisdiction to try and determine questions of fact, and cites and relies upon the case of Reed's Heirs *v.* McCormick, 4 Cal., 342.

The construction contended for would have the effect of destroying the usefulness of the Probate Court. There is scarcely a step to be taken in that Court which does not involve the decision of some question of fact, and whether an issue be taken or not, the Court has alike to determine the fact upon proofs.

There is then no greater reason for denying the Probate Judge the trial of an issue of fact than to deny him the determination of any fact which has to be proved, although not contested.

The issues of fact joined in the Probate Court, and which are to be sent to the District Court for trial, are of that class upon which the Probate Judge is unwilling to pass his judgment, or where from great conflict of evidence a reasonable doubt must exist in his mind as to which side has the right. In such cases, a proper and just exercise of his discretion would require him to send the issue for trial before a jury in the District Court.

Rule fifty, established by this Court, requiring the Probate Judge, when an issue of fact is joined, to certify it for trial to the District

Court, was intended to be limited, as a matter of course, to cases proper for such action. The rule was made after the decision of Reed's Heirs v. McCormick, and on account of the doctrine there held.

By reference to that case, it will be seen that it fully maintains the views expressed in this opinion. In that case, referring to the jurisdiction clause of the Constitution, which the appellant cites, we say:— " The object of the provision, it seems to me, was to enable a system to be adopted by which contested issues of fact in the Probate Courts, might be sent for trial to the District Court, upon the same principle that issues are sent out of Chancery to be tried in a Court of common law by jury."

And again: " The cases arising in that Court are eminently those of Chancery jurisdiction, precluding, in most cases, the practicability of being tried by jury, and yet frequently giving rise to distinct particular issues which ought to be so tried and determined."

The constitutional clause says, that over issues of fact joined in the Probate Court, the jurisdiction of the District Court shall be unlimited. But this, by no system of construction, can be said to deprive the Probate Court of its jurisdiction, conferred by the same instrument. The term " unlimited," applies alone to the amount in controversy, as contradistinguished from the limitation placed upon the jurisdiction of the District Court in other cases, as we decided in the case already cited.

From the character, therefore, of the Court, and a proper construction of the Constitution, it must be left to the discretion of the Probate Judge to decide what issues of fact are proper to be sent to the District Court for trial. This discretion of course is subject to review by this Court, and like all other matters of discretion, in case of gross abuse would be corrected.

No harm, either, can arise from the trial of such issues by the Probate Court, as an appeal lies from such trial directly to this Court, and from the equitable character of the cases in that Court, the facts would have to be reviewed by this.

The judgment is affirmed.