CAULFIELD, Respondent, *v.* THOMAS HUDSON and
ADAM HUDSON, Appellants.

So much of the Act of the Legislature as provides for appeals to the District Court,
is unconstitutional and void.

APPEAL from the Sixth Judicial District.

This was a proceeding in forcible entry and detainer, commenced before a Justice of the Peace, in Sacramento County, from whose judgment defendants appealed to the County Court, and on the      May, one of defendants, Adam Hudson, was discharged by the court.   October 2d, the plaintiff moved to set aside the order discharging said defendant, and that he be reinstated on the record.   On the 9th October, the court ordered that defendant be reinstated on the record, and the judgment dismissing him was set aside.   To this judgment the defendant excepted, and took an appeal to the District Court of the Sixth Judicial District, by whom the cause was dismissed for want of jurisdiction, &c.   Defendant appealed to this court.

The opinion of the court was delivered by HEYDENFELDT, Justice.   MURRAY, Chief Justice, concurred.

An appeal was taken from the County Court to the District Court, and there it was dismissed, on the ground that the court had no jurisdiction.

This case involves the consideration, whether the legislature has the power to give appellate jurisdiction to the District Court. The first clause of the 6th section, article 6th of the Constitution, says: "The District Courts shall have original jurisdiction in law and equity, in all cases where the amount in dispute exceeds two hundred dollars, exclusive of interest."

The 4th section of the same article gives, with the same effect, appellate power to the Supreme Court; and the 9th section permits the legislature to give to the County Courts original or appellate power, or both, in special cases, and in cases arising in Justices' Courts.

It seems that, in this subdivision of power among the different arms of the judiciary, there was an attempt at great care and accuracy, in assigning to each a well-defined portion of judicial duty. In doing this, there must have been some specific object or leading motive, and no other appears so reasonable, as that it was intended to limit, as well as confer jurisdiction, in order the better to secure the independence of this department of the government. For if, as is contended by the respondent, there is no prohibition to an increase of the jurisdiction by the legislature, it may be at once conceived how readily the functions conferred by the Constitution on the Supreme or District Courts, may be impaired or subverted, by imposing on those courts a succession of new duties, which would force them into a sphere of action inconsistent with that already fixed by the fundamental law. If the legislature can force appellate jurisdiction on the District, they can equally give original jurisdiction to the Supreme Court, and then, by a system of rules which they have unquestioned right to make, compelling the courts to give preference in hearing to certain causes, or to a particular calendar, the constitutional functions of the courts would exist only in name ; for all practical purposes they would be effectually destroyed.

In arriving at this conclusion, we are fully sustained by authority. In the case of Marbury v. Madison, 1 Cranch, the same question arose, upon the construction of the Constitution of the United States. There the Act of Congress, which was under review, was decided not to be. warranted by the Constitution. The opinion on that point of the case forms one of the ablest arguments of Chief Justice MARSHALL ; and Mr. Justice STORY, in his Commentaries on the Constitution, embodies in the text as his own, the very language of that opinion. See 2 Story, sect. 1703.

The Constitution of the State of Texas has been construed by the Supreme Court of that State, upon the same question, and with the like result.

As early as the June Term, 1850, of this court, the identical question was raised, in reference to the power of this court. In the case of The People, ex rel., the Attorney-General, *ex parte,* 1 Cal. R. 85, it was held that this court had no other than

appellate jurisdiction, and upon the argument, that as this court would have had appellate power without the words expressed in the constitution, so it was useless to define its jurisdiction, if it had not intended to exclude all other.

We are, therefore, after long and mature consideration, constrained to declare, that so much of the Act of the Legislature, as provides for appeals to the District Court, is unconstitutional and invalid.

We do not include in this decision any portion of the act which provides for appeals from the Probate Court.

The language of the constitution, in reference to the jurisdiction of the District Court over cases in the Probate Court, is peculiar and obscure. The consideration of it is entirely unnecessary for the decision of the question here raised, and any expression of opinion would be *obiter dictum*.

Judgment affirmed.