## T. P. ZANDER, Respondent, v. E. H. COE, Appellant.

The cognizance of all cases, where the sum involved exceeds $200, is by the Constitution distributed between the Supreme, District, County and Probate Courts, and the Court of Sessions, and nothing is left by the Constitution for the Legislature to do, in granting or defining jurisdiction.

The disposition of cases, where the sum does not exceed $200, and only these, is left to be prescribed by the Legislature, and they may be vested either in the County Court, under the provisions of the ninth section, or in Justices Courts, under the fourteenth section.

The Legislature can not confer on one Court, the functions and powers which the Constitution has conferred on another.

The law vesting Justices of the Peace with jurisdiction of a case, where the amount in controversy exceeds $200, is unconstitutional and void.

APPEAL from the County Court of Sacramento County.

The points in controversy will be found distinctly stated in the opinion of the Court.

*L. Sanders, Jr.*, for Appellant.

*Smith & Hardy*, for Respondent.

No briefs on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

By statute, the Legislature has conferred jurisdiction on Justices Courts, where the sum in controversy does not exceed five hundred dollars:

The only question raised in this case, is whether the statute is constitutional.

The Constitution provides that, "The District Court shall have original jurisdiction in all cases of law and equity, where the amount in dispute exceeds two hundred dollars." Art. 6, §6. In Hudson *v.* Caulfield, 3 Cal., 389, we had occasion to construe this section of the Constitution, and there held, that the jurisdiction thus given was ex-

clusively original, and that the District Court could not exercise powers which belong to an appellate tribunal.

In that case we remarked, that in the subdivision of power among the different arms of the judiciary, there was an attempt at great care and accuracy, in assigning to each a well-defined portion of official duty. In doing this, there must have been some specific object, or leading motive, and no other appears so reasonable as that it was intended to limit, as well as to confer, jurisdiction, in order the better to secure the independence of this department of government. 3 Cal. 389.

With the decision of that case, and the reasons therefor, we remain satisfied, and so far as we are informed, it has met the entire approbation of the profession.

We here might rest. For if the jurisdiction of the District Court is exclusively "original in all cases where the amount exceeds two hundred dollars," and the District Court has only original jurisdiction, it follows irresistibly that, that Court alone can entertain jurisdiction, when the amount in controversy exceeds two hundred dollars; otherwise the construction must be, that the District Court would have original jurisdiction only in cases exceeding two hundred dollars, but when the amount did not exceed the limited amount, it could exercise original or appellate power, at the will of the Legislature.

These views seem to us conclusive of the case. But the importance of the questions will justify some additional views.

The sixth article of the Constitution seems to have been drawn with great care and skill, and, as far as possible in an organic law, endeavors to establish a complete judicial system. It not only provided for the establishment of the several tribunals, in which the judicial power of the new government was vested, but also distributed among these tribunals, their several powers. To the Supreme Court is given appellate power only; to the District Court, original jurisdiction only; on the Probate Court is conferred the duties of a Surrogate; to the Court of Sessions, criminal jurisdiction; to the County Court, appellate power in cases arising in Justices Courts, and original jurisdiction in such special cases as the Legislature may prescribe. The distribution of power among the several Courts, enumerated in the Constitution,

embraces all cases of ordinary judicial cognizance, whether of law or equity, or criminal, or such as pertain to the administration of the estates of deceased persons, or such as may not be classed, as those belonging to law or equity, but are such special cases as the Legislature may prescribe. All these cases are distributed among the several Courts by the Constitution itself, and nothing is left for the Legislature to do, in granting or defining jurisdiction. But there is a limitation to the jurisdiction of the Supreme and District Courts,—they cannot take cognizance of any case, where the sum involved does not exceed two hundred dollars. The cognizance of these cases, then, in which the amount does not exceed two hundred dollars, is the only one which is not determined and fixed by the Constitution itself. The disposition of these cases, and only these, is left to be prescribed by the Legislature, and may be vested, either in the County Court, under the provisions of the ninth section, or in Justices Courts, under the provision of the fourteenth section.

It appears to us that it would derange our judicial system, which the Constitution has ordained, if the Legislature could confer on one Court, the functions and powers which the Constitution has conferred on another.

It would scarcely be contended, we apprehend, that a law which would give jurisdiction to Magistrates, of the estates of deceased persons, would be constitutional. Yet we see no difference between the case at bar, and the case supposed. The language of the eighth section does not more exclusively vest jurisdiction of matters of Probate, in the County Judge, than does the language of the sixth section give exclusive jurisdiction to the District Courts, of all cases of law and equity, when the amount exceeds two hundred dollars. In fact the delegation of power is nearly in the same language.

The fourteenth section of the Constitution, is principally relied on to controvert the correctness of these views. That section is as follows: " The Legislature shall determine the number of Justices of the Peace, and shall fix by law their powers, duties and responsibilities "

If the interpretation be given to this section, which is contended for by the appellants, there is no limitation to the power of the Legislature over the judiciary, and that cautious distribution of power among

the several Courts, so carefully provided for, as before remarked, is rendered nugatory and idle. If the judicial power which may be exercised by Justices of the Peace, is such "as the Legislature may prescribe," without any limitation or restriction whatever, those Courts will assume a more imposing importance than has heretofore been attributed to them, and the consequence might follow, that they would be clothed by statute with the powers now exercised by the Supreme, District, and other Courts. It would be something singular, too, if those other, and heretofore deemed more important Courts, should be limited in their jurisdiction and powers, which limit the Legislature cannot exceed, whilst in reference to these inferior Courts, there should be found no limitation or restriction as to the powers which the Legislature may confer on them.

If the exposition contended for by the appellants be true, such a result must follow. For the Supreme Court cannot exercise original jurisdiction; the District does not possess appellate powers, nor can it have jurisdiction of a case, where the amount involved does not exceed two hundred dollars; the Probate Court can only administer the law, connected with the estates of deceased persons; the Court of Sessions is confined alone to criminal business; and the County Court can only revise cases that have arisen in Justice Courts, or take original cognizance of such special cases as may not have been vested in other Courts by the Constitution. These are all limitations on these Courts, and in all cases where the Legislature has attempted to interfere with the distribution of power, as fixed by the Constitution, this Court has been prompt in requiring the judicial power in its several branches, to be exercised by its proper depositaries.

But the argument we are now combatting is, that there is no such limitation on the Legislature, with regard to the powers which may be conferred on Justices of the Peace. That if the law prescribed it, they would have original or appellate jurisdiction, in all cases of law and equity, whether the sum involved amounts to five, or five millions of dollars, and also of all special cases which may be provided for by law.

To this conclusion comes the argument, founded upon this view of the fourteenth section of the sixth article of the Constitution. When

30

an interpretation of the Constitution leads to such results; in order to meet our concurrence, it must be shown to be the plain and unmistakable meaning of that instrument. So far from this being the case, we think the interpretation is opposed by the instrument itself, as heretofore expounded by the Court, and at war with its express provisions. All parts of that instrument should be taken together; that which succeeds, is qualified by that which precedes it. The apparently unlimited power granted by the fourteenth section to the Legislature, to prescribe the "powers" of Justices of the Peace, must be taken with the qualifications attached to this grant, by the previous section; and when so construed, it is obvious and apparent, that it is only those cases which were undisposed of by the previous grants of powers, which are within the control of the Legislature, and which may be vested either in the Magistrates or County Courts. Such are all cases of law and equity where the amount does not exceed two hundred dollars.

Again, the Constitution has secured the independence of the Judges of the more important Courts, and placed them above Legislative or Executive control, by fixing the term of their office, and requiring that their salaries shall not be diminished during such term. The wisdom, the necessity of such provision, has never been questioned. Concerning Justices of the Peace, no such provision is made. Their terms of office are to be regulated by law; they have no salary; their fees are regulated as the Legislature may direct; and in every respect they are entirely dependent upon the Legislature.

Does not the fact that such safeguards are thrown around the independence of the other Courts, clearly show that the powers conferred on such Courts, thus carefully protected, should not be exercised by other tribunals; for the independence, and honesty, and impartiality of which, no security is given or required, and over which the Constitution throws no protection?

Upon a careful and full consideration of the matter, we hold that the law vesting Magistrates with jurisdiction where the sum in controversy amounts to more than two hundred dollars, is unconstitutional and void.

Judgment reversed.