## THE PEOPLE *v.* FOWLER.

The County Court has the sole appellate jurisdiction in all cases, civil and criminal, arising in Justices' Courts, subject to such restriction as the Legislature may impose by making the decisions of the Justice final in such cases as may be determined by law.

The Court of Sessions has no appellate jurisdiction in either civil or criminal cases. Their jurisdiction is original, not appellate. In all cases where an appeal lies from a Justices' Court, it must be taken to the County Court.

The Constitution vests the Legislature with power to confer such jurisdiction on Justices' Courts as are not exclusively vested in other Courts. The act conferring criminal jurisdiction on Justices' Courts is constitutional.

CERTIORARI to the Court of Sessions of Placer County.

The facts of this case appear in the opinion of the Court.

*Myers & Mills* for Petitioner, B. F. Peck.

BURNETT, J., delivered the opinion of the Court—FIELD, J., concurring.

The defendant was tried and convicted, before a justice of the peace, for malicious mischief, and appealed to the Court of Sessions; where, upon a trial *de novo,* he was acquitted, and the Court adjudged Peck, the prosecutor, to pay the costs, upon the

ground that the prosecution was without probable cause. A writ of *certiorari* was issued upon the petition of Peck, and the proceedings brought before this Court.

The right of appeal from a final judgment, in a criminal case tried in a Justices' Court, to the Court of Sessions, is given by the first subdivision of section 481 of the act regulating criminal practice. (Wood's Dig., 308.)

There are two questions properly arising under this provision :

1. Is it constitutional?

2. If so, must the trial be *de novo* in the Court of Sessions ?

The sixth article of the Constitution of this State is more full and minute in its provisions in reference to the powers of the different Courts than perhaps any corresponding article in the Constitution of any other State. " It seems," as remarked by this Court, in the case of Zander v. Coe, (5 Cal. Rep., 231,) " to have been drawn with great care and skill, and, as far as possible in an organic law, endeavors to establish a complete judicial system." And it would seem to be equally true that a fair and just construction of all the sections of this article, when taken together, would leave all its provisions entirely consistent with each other, and perfectly capable of harmonious and practical application.

This article has often been before this Court for construction. In the case of Caulfield v. Hudson, (3 Cal. R., 389,) it was decided that the District Courts could possess no *appellate* jurisdiction. This decision was again approved in the subsequent case of Reed v. McCormick, (4 Cal., 342.) In the first part of the sixth section the phrase " original jurisdiction" is used, when referring to jurisdiction in cases in law and equity; and, although the word " original " is dropped in the subsequent clause, and the word " jurisdiction " stands alone, it still means original jurisdiction only. The rule of construction established by these decisions is this : that when certain powers are, in *form, affirmatively* bestowed upon certain Courts, they are still *exclusive,* unless there be some exception specified in the Constitution itself, or the power to prescribe the cases to which the jurisdiction should extend be expressly given to the Legislature. For example : there is affirmatively conferred upon the District Courts certain original jurisdiction in civil cases, and there is no specified exception stated, and no power expressly given to the Legislature either to limit or increase this jurisdiction ; therefore it is, as to the class of cases enumerated, *exclusive.* In criminal cases the jurisdiction is unlimited and without *specified* exceptions ; but the Legislature has express power to prescribe the cases to which the jurisdiction shall extend ; and, therefore, the criminal jurisdiction, as to such cases, is not made exclusive by the Constitution.

People *v.* Fowler.

We will now proceed to apply this rule of construction to the case before us.

The eighth section provides that Courts of Sessions shall have " such criminal jurisdiction as the Legislature shall prescribe." Is this jurisdiction original or appellate, or both? The Constitution expressly confers *appellate* jurisdiction on the Supreme and County Courts. This being true, can we say that appellate jurisdiction was intended to be conferred upon the Court of Sessions when there is no express provision to that effect? And if we could say that appellate jurisdiction is conferred upon Courts of Sessions in criminal cases, because the word "jurisdiction" is general, and used without restriction, could we not say, with equal propriety, that appellate jurisdiction, in the same cases, is conferred upon the District Courts, for the reason that the same word is used, without restriction, in the latter part of the sixth section?

It would seem that all the jurisdiction that could be exercised by the Courts of Sessions must be original, and not appellate.

The correctness of this view is further shown, from other provisions of the sixth article, to which we will now refer.

The question regards criminal jurisdiction; and the sixth section gives the District Courts unlimited jurisdiction of this kind, in *all* cases "*not otherwise provided for.*" There is here no exclusive jurisdiction given the District Courts in criminal cases. The eighth article confers such criminal jurisdiction upon the Courts of Sessions as the "*Legislature shall prescribe.*" Here, no exclusive jurisdiction is given by the Constitution. So far, the *power* to prescribe the jurisdiction is given to the Legislature; but the Constitution itself does not confer it *exclusively*, either upon one or the other of these Courts, singly, or upon both, in different specified portions. We then come to the fourteenth section, which relates to justices of the peace, who compose a part of the judicial department, by the provisions of the first section of the article; and the power is given the Legislature to "*fix by law their powers, duties, and responsibilities.*"

The sixth article, in previous sections, had conferred certain exclusive powers upon other Courts; and the Legislature is left, by the fourteenth section, to confer such powers upon justices of the peace, as were not exclusively vested in other Courts. (5 Cal., 230.) And, as no exclusive criminal jurisdiction was conferred, either upon the District Courts or upon Courts of Sessions, it is competent for the Legislature to confer such portions of it upon justices of the peace as shall be considered proper.

If these views be correct, those portions of the act of the Legislature, conferring criminal jurisdiction upon Justices' Courts, are in strict conformity with the Constitution. This being conceded, has the Constitution vested the power to hear appeals from these Courts *exclusively* in the County Court?

By the provisions of the ninth section, "the County Courts shall have such jurisdiction, in cases arising in Justices' Courts, as the Legislature may prescribe;" and, by the fourteenth section, the Legislature shall "also determine in what cases appeals may be made from Justices' Courts to the County Courts."

It may be safely assumed that the Legislature has the right, under the provisions of these two sections, to permit appeals to the County Courts in *all* cases arising in Justices' Courts, whether *civil or criminal.* The power of the Legislature "to determine in what cases appeals may be made from Justices' Courts to the County Court," is expressly conferred by the Constitution; but there is no such power expressly conferred in reference to appeals from Justices' Courts to the Court of Sessions. And if no such power be expressly given to the Legislature, can it be inferred, consistently with the rule of construction established by this Court, and the consistent intent of the sixth article?

The appellate power of the County Court is ample for all purposes, in all cases arising in Justices' Courts. Why, then, should the same power be conferred upon Courts of Sessions? Why should appeals be taken from the same Court of original jurisdiction, to two different appellate tribunals? Why should the same inferior be compelled to obey two different superiors? Is it not the more plain, simple, and consistent rule, that the same appellate tribunal should try all appeals from the same inferior Courts?

The Constitution gives the Legislature the right to apportion the original criminal jurisdiction among certain Courts mentioned. This being so, can the Legislature confer original criminal jurisdiction upon the County Courts? This power is affirmatively given, and it is exclusively confined to the Courts mentioned, namely: the District Courts, Courts of Sessions, and justices of the peace. So, the power to determine in what cases appeals may be made from Justices' Courts is affirmatively given, and must be exclusively confined to the Court mentioned, namely: the County Court. If the Constitution intended to confer upon the Legislature the power to provide for appeals from Justices' Courts to the Courts of Sessions, then this right would have been expressly given. Why was it expressly given as to the County Courts, and not so given as to Courts of Sessions, if intended to be given in both cases alike? If there was any necessity for express provision as to one, there was the same necessity, also, as to the other.

There was ample reason for confining the right of appeal from Justices' Courts to the County Courts. It is not, in the nature and reason of the case, proper to confer appellate jurisdiction upon a Court having *original* jurisdiction over the same class of cases? Our Constitution has studiously avoided this. The Supreme Court has only appellate jurisdiction. The County Court

has no original criminal jurisdiction, and no original jurisdiction in civil suits, except in such *special cases* as the Legislature shall prescribe, and these special cases cannot arise in Justices' Courts. (5 Cal. Rep., 43.)     There are but two appellate tribunals under the Constitution : the County and Supreme Courts; and neither of these Courts has the right to take original jurisdiction of any case they can hear upon appeal.

It may be objected to this view, that the right is expressly given the Legislature by the ninth and fourteenth sections, to determine in what cases appeals may be made from Justices' Courts to the County Courts; and this power necessarily includes the right to permit appeals to the Courts of Sessions. But such is not the logical result.    The Constitution had another object in view.

The right of appeal is affirmatively given in certain cases by the fourth section, and this right cannot be taken away by act of the Legislature.    But in reference to other cases, when the right of appeal does not exist under the Constitution, it is discretionary with the Legislature.    In all such cases the Legislature may make the decision of the tribunal which has *original* jurisdiction of the case, *final*.    The Legislature, therefore, can determine in *"what cases"* appeals may be made from Justices' Courts.    It would be competent for that body to restrict this right to cases involving not less than a specified sum.    This is the discretion allowed by the ninth and fourteenth sections to the Legislature.

Under the view we have taken of the first question, it is unnecessary to examine the second.

The judgment of the Court of Sessions was erroneous, and that Court will dismiss the appeal.