## ORION BROWN *v.* WILLIAM P. SCOTT.

DENIAL OF ALLEGATIONS OF SWORN COMPLAINT. — If the allegations of a verified complaint are presumptively within the knowledge of the defendant, a denial of the same in the answer, according to his best knowledge, information, and belief, is evasive of the issue tendered.

SAME.—Where a material fact stated in a verified complaint is denied upon informa-

tion and belief, the answer should state how it happened that the defendant is without knowledge as to the fact averred.

ASSIGNMENT OF JUDGMENT.—The assignment of a judgment which is void because the amount for which it was rendered was beyond the jurisdiction of the Court, carries with it the debt on which it was obtained.

PURCHASER OF VOID JUDGMENT.— One who purchases a void judgment, and contracts with the assignor to pay him therefor, and afterwards uses the judgment in payment for property of the defendant, sold under executions issued on this and other judgments, cannot, when sued on his contract for the purchase money, avoid his liability on the ground that the judgment was void and of no value to him.

APPEAL from the District Court, Eleventh Judicial District, El Dorado County.

The three judgments, the assignment of which formed the consideration mentioned in the contract upon which this suit was brought, were rendered on the 30th day of January, 1854.

When this case was called for trial in the Court below, plaintiff moved the Court for judgment in conformity with the prayer of the complaint. The Court sustained the motion and gave judgment accordingly.

Defendant appealed.

The other facts are stated in the opinion of the Court.

*Winans & Hyer*, for Appellant.

If the answer in this case were what respondent alleges it to be, *irrelevant, immaterial,* and a *sham,* the action of the Court below in rendering the judgment was irregular. The proper course in such a case would be to move the Court, on such terms of notice as its rules prescribe, to strike out the answer for these causes and then to ask for judgment for want of an answer.

The Practice Act, section fifty, contemplates this course of action.

Respondent contends that there is a portion of the complaint that is not specifically denied by the answer.

The substance of this portion of the complaint is, that these judgments were used by the defendant in bidding at a sale, and this amount was credited by Sheriff to the defendant.

The answer alleges that the only sale by the Sheriff of which he became a purchaser was made under other and different judgments, and that there were no executions issued to the Sheriff upon the plaintiff's judgments.

This portion of the complaint requires no further denial than such as the defendant has given.

The second point made by respondent is, that the defendant has denied the allegation of the assignment of the judgments by plaintiff to him, "according to information and belief," asserting that the matter must have been within his own knowledge, *or, if not,* he could have found it out from *examining the records!* and if he had examined the records, would not its disclosures have been " *information*" such as that to which the defendant has sworn?   Wherever he derived his knowledge, or however, that knowledge is his " information;" and if he believes it, it is also his " belief;" which is all the statute requires.

Objection is again made by respondent to the sufficiency of denials in the answer, because made upon information and belief.

The remarks heretofore made are as conclusive upon this point as the one which preceded it.   But we will dwell a little on the matter.   The question is, whether in a verified pleading the Court will hold an answer frivolous, or sham, because the defendant denies certain allegations on information and belief which the Court presumes to be within the personal knowledge of the defendant.   In view of the plain provision of the forty-sixth section of the Practice Act, the statement of the question furnishes the answer.   The section referred to says, that the special denial of a material allegation, under oath, according to information and belief, is that which " an answer shall contain," and consequently, is a good sufficient pleading.

The respondent proposes, that though the terms of the statute are complied with, there are cases in which such compliance is not sufficient, but that the party answering must assert facts as true within his own knowledge to make his

answer sufficient. In other words, that pleading is not to be regulated by the statute, but by some one else.

Without this provision of the statute authorizing a party to deny allegations upon information and belief, the insertion of such words would have rendered the pleading redundant, and would have been stricken out upon motion.

Allegations and denials, before the statute, were required to be made positively. But the allegation of a fact positively, in pleading, never of itself indicated that the party was personally cognizant of it.

There was the same reason for informing that he stated it on information, that there was for supposing that it was stated upon personal knowledge. (7 How. P. R. 221.)

The effect of the statute, then, was and is intended to give to denials thus qualified the same degree of positiveness as if the fact was asserted without any limitation or condition.

Before the statute, the fact must have been asserted to exist with absolute certainty; now, its existence or denial may be put in issue where the pleader alleges it upon his information and belief.

*S. W. Sanderson,* for Respondent.

It is claimed that the Court below erred in giving judgment on the pleadings.

This claim is well founded if the answer contains a fair and direct denial of any of the material allegations of the complaint, and not otherwise, because it is not pretended that the answer contains *new matter* constituting a defense.

The execution and delivery of the contract is expressly admitted in the answer, and the terms of the contract are not disputed.

But the answer proceeds to claim that the contract was without consideration, and null and void, because the judgments assigned by plaintiff to defendant were not legal and valid.

This portion of the answer is sham and frivolous. It only states conclusions of law, whereas it ought to state the fact.

Brown v. Scott.

The complaint avers that "said judgments were used by defendant in bidding upon said canals at the Sheriff's sale, and the full amount thereof was credited to him by said Sheriff as so much money, and thereby he received and used the full amount of said judgments to his own benefit in the purchase of said canals, etc."

This allegation is nowhere denied or attempted to be denied in the answer. Whether, therefore, the judgments were void or not, cannot be material, since the defendant received the full amount for which they called; and it does not lay in the mouth of the defendant to say the judgments were void, they having been paid and satisfied by the sale of the property of the persons against whom they stood, and he having received their full value.

The answer next attempts to deny that the judgments were ever assigned to him. This denial is made upon "information and belief." We say first, that the defendant was bound to *know* the fact, and a denial upon information or belief is therefore insufficient.

The denial must be positive, because the fact must have been within his own knowledge, or if it had escaped his memory, the fact could have been readily ascertained by a brief examination of the records, and the answer does not pretend to have any such examination.

The answer next denies, *according* to *information* and *belief*, that the canals, etc., were sold under executions issued upon the judgments in question, but that the same were sold under an execution in favor of L. S. Sims. This denial is subject to the same objections as the preceding. It is predicated upon information and belief, whereas it should have been positive, because the records in the clerk's office, if they had been examined, would have shown exactly how the sale was made, and under what process. But the issue attempted to be made is a side issue, and wholly immaterial. The denial is no answer to the main question—"Did you receive the amount of said judgments?"

There were several judgments against Jones, Turman &

Co., and it was wholly immaterial under which the sale was made, because they were all held by the defendant Scott who bid the amount of all and received a full credit for all on his bid.

The answer next denies upon information and belief that there were any executions on the judgments in question in the hands of the officer who made the sale.

This is another side and immaterial issue.    It is not responsive to the main question: "Did you bid these judgments, and did you receive the amount of them as a credit upon your bid?"

There was no application to amend the answer in the Court below.   Defendants stood upon their answer then, and must do it here.

By the Court, CURREY, J.

This action was brought to recover a sum of money alleged to be due on a contract executed by the defendant, by which he agreed to pay to the plaintiff one thousand four hundred and forty-four dollars and sixty-six cents, with interest thereon from the 1st of January, 1854, until the same should be paid, at the rate of three per cent per month, upon conditions mentioned and referred to in such contract.  The complaint counts upon this contract, and avers in positive terms the happening of circumstances by which the debt became due, and that the defendant refused to perform his contract.   The consideration for the contract of the defendant, which is alleged in the complaint, was the assignment of three judgments belonging to the plaintiff, which he had obtained in a Justice's Court, amounting in the aggregate to the sum of one thousand four hundred and forty-four dollars and sixty-six cents, and which the defendant used in the purchase of property of the debtors against whom such judgments were obtained at a sale thereof, made under and by virtue of divers judgments and executions.  Each of the judgments so assigned by the plaintiff exceeded two hundred dollars.

To the complaint, which was duly verified, the defendant filed an answer, in which he says that after stating to counsel learned in the law all the facts attending the making of the contract, he is informed by counsel, and verily .believes, and so charges the truth to be, that the promise in the contract contained to pay the plaintiff the sum of money named therein, or any part of it, was wholly without consideration and null and void, and that therefore he was not liable on his promise; and then in the same connection he alleges that the judgments, the assignment of which to the defendant is mentioned in the contract as the consideration for defendant's promise, were entirely null and void; and further on in the answer the defendant denies, "according to his best knowledge, information and belief," that said judgments, or either of them, were ever transferred or assigned by the plaintiff to the defendant or to any other person for his use.

This mode of denial is argumentative. In the first place the defendant avers, upon information derived from his counsel, and upon his belief founded on that information, that his promise, contained in the contract, was without consideration; and the reason assigned for this is that the three judgments, the transfer of which to the defendant is set forth in the contract as the consideration for the defendant's promise, were null and void; and then it is denied, according to the defendant's best knowledge, information and belief, that said judgments—that is, the judgments which the defendant had been advised were null and void, and which, because they were so, were no judgments—had been assigned to him or to his use. This will not do. A denial of this sort is evasive of the issue tendered, and must be treated as failing to traverse the allegation of the complaint.

The defendant also denies, according to the best of his knowledge, information and belief, that the property of the judgment debtors referred to in the contract and in the complaint was sold at Sheriff's sale on executions issued on said three judgments, but avers that the same was sold under an execution issued on another judgment.

The plaintiff alleged in his complaint that the Sheriff's sale mentioned was made on executions issued upon these three judgments, as well as on executions issued upon other judgments, and that at such sale the defendant became the purchaser of the property sold, and used the said three judgments so assigned to him in payment of the amount by him bid. The defendant ought to have known, and will be held to have known, whether he purchased under executions issued on these judgments or otherwise, and whether or not he used the same judgments in paying the amount bid by him. The law does not sanction this mode of pleading. The defendant should have admitted or denied the facts alleged by the plaintiff, or should have shown how it happened that he was without knowledge as to such facts. (*Fales* v. *Hicks*, 12 How. Pr. R. 154; *Richardson* v. *Wilton*, 4 Sand. 708; *Hance* v. *Rumming*, 2 E. D. Smith, 48; *Mott* v. *Burnett*, Id. 50; *Shearman* v. *New York Central Mills*, 1 Abbott, 187.) To the same effect is the case of *Curtis* v. *Richards*, 9 Cal. 37, and *San Francisco Gas Co.* v. *City of San Francisco*, Ib. 453. It matters not that the judgments assigned were invalid as judgments, within the authority of *Zander* v. *Coe*, 5 Cal. 230, because by the assignment thereof the debts for which they were obtained were assigned to the defendant; besides this he used these judgments in paying the amount due on his bid, in which the debtors whose property was sold were concerned; and it does not appear but they were satisfied to receive these judgments or the debts represented by them in payment on the amount due from the defendant on his purchase. It is to be presumed they were satisfied with this mode of payment, for it is alleged in the complaint that the judgments were used by the defendant in paying the sum at which he purchased the property. He certainly is not in a position to object that these judgments were of no value to him, when, as a fact, they were received in payment of a sum due from him on his purchase, equal to the amount they represented.

The answer fails to put in issue or to confess and avoid the material allegations of the complaint, and therefore there was

no issue to be tried by a jury.    The complaint in such cases is to be taken as true.    (Practice Act, section 65.)

We think the plaintiff was entitled to the judgment which was rendered on the pleadings.

Judgment affirmed.

Mr. Chief Justice SANDERSON, having been of counsel, did not sit on the trial of this case.