THE SCHUMANN PIANO COMPANY

*v.*

CYRUS MARK *et al.*

*Opinion filed February 17, 1904—Rehearing denied April 6, 1904.*

1. FORCIBLE DETAINER—*suits for separate premises need not be con-
solidated in justice court.* Section 18 of article 5 of the act relating
to justices of the peace, which requires each party to bring for-
ward and consolidate all demands against the other which are of
such a nature as to be consolidated and which do not exceed $200
when consolidated, does not apply to forcible detainer.

2. SAME—*beginning suit in assumpsit for rent does not bar forcible de-
tainer.* Beginning a suit in assumpsit for rent payable in advance
on the first day of the month does not preclude the bringing of a
forcible detainer proceeding before the expiration of such month,
if the rent due is still unpaid.

*Mark* v. *Schumann Piano Co.* 105 Ill. App. 490, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

This was an action of forcible detainer, commenced on July 30, 1901, by appellees, partners, known as Mark Manufacturing Company, against appellant, the Schumann Piano Company, a corporation, before a justice of the peace in Cook county, to recover possession of the first, fourth and fifth floors of a building known as Nos. 123 and 125 LaSalle avenue, in the city of Chicago. Judgment was there entered in favor of the Mark company, and the Schumann company appealed to the circuit court of Cook county, where, upon a trial before the court without a jury, judgment was entered in favor of the latter company. From that judgment of the circuit court the Mark company appealed to the Appellate Court for the First District, where the judgment of the circuit court was reversed, and judgment was entered in the Appellate Court finding the Schumann company guilty as charged in the complaint, and adjudging that the appellants (appellees here) recover from the Schumann Piano Company the premises above described, together with costs, etc. This is an appeal prosecuted by appellant to reverse the judgment of the Appellate Court.

On June 14, 1900, the parties to this suit entered into a written lease, by which the premises here involved were demised to appellant by appellees for a term commencing July 1, 1900, and ending April 30, 1902, at a monthly rental of $250, payable in advance on the first day of each month. The lease provided, among other things, that the appellees leased the premises, "together with motive power not to exceed twenty horse power, and sufficient heat in varnishing and finishing room during cold weather to prevent checking the varnish," and that the appellant would "pay (in addition to the rents above

specified) for all power used in excess of the amount above specified, the sum of five dollars ($5) per month for each horse power, the amount used to be determined by lessor by any of the ordinary methods, the maximum amount of power used at any one time to be the basis of calculation."

The first indication of trouble between the parties to the lease in reference thereto shown by the evidence, appears from a letter written by appellant to appellees, dated March 19, 1901, in which there seems to have arisen some difficulty in reference to the power furnished, and it appears that appellees had rendered to appellant a bill for motive power in excess of twenty horse power, which appellant claimed was incorrect and refused to pay. In the same letter complaint is made by appellant because of lack of heat in the varnish room, causing loss to appellant. It is therein stated that appellant had repeatedly taken this matter up with appellees, and that it had delayed making out a bill for damages until cold weather had passed, but that it would have the bill ready to present to appellees in a few days. On June 20, 1901, an itemized statement of account, in the sum of $1107 for re-finishing pianos, claimed to have been made necessary from the checking of varnish caused from lack of heat in the varnish room during cold weather, $11.25 for delay in labor from damage from roof, and $90.90 for telephone, was sent to appellees, with a request to remit the amount of $1209.15. On July 18, 1901, the attorney for the appellant sent a communication to appellees, together with a statement, showing $340 due for rent under the lease above referred to and under a lease for other parts of the same building for the month of July, leaving a balance of $873.05 due appellant, after adding interest for delay.

On July 20, 1901, appellees commenced a suit in assumpsit against appellant in the circuit court of Cook county, returnable to the August term, 1901, thereof, to recover the rent for the month ending July 31, 1901.

Among the pleas filed to this declaration was one of set-off, in which $2000 is claimed by appellant as damages to its pianos by reason of the failure of appellees to furnish sufficient heat in the varnishing and finishing room to prevent checking the varnish, as required by the lease.

On July 24, 1901, the appellees, through a constable, served a five days' notice on appellant, notifying it of the default in the payment of rent in the sum of $250, and demanding payment of the same on or before July 29, 1901, and informing appellant that in default of such payment the lease for the premises involved in this suit would be terminated. On the same day another notice from appellees was served on appellant demanding the sum of $25 as rent for the basement of the same building, which was held under another lease and containing like provisions in case of default in the payment thereof. Suit was commenced under this notice on the same day the case at bar was commenced and before the same justice of the peace, and judgment was rendered against appellant for possession of the basement.

Anson Mark, one of the plaintiffs, testified that the last month for which appellant paid rent under the lease here in question was June, 1901; that it did not pay the rent for July; that it was in possession of the premises at the time this suit was brought and at the time of testifying. The treasurer of appellant testified that the itemized statement as sent to appellees was correct, and that appellant had been damaged by reason of the checking of varnish, caused by a lack of heat in the varnishing room, in the sum of $1107.

The Appellate Court incorporated in its judgment the following finding of facts:

"The court finds that appellants, by a written lease dated June 14, 1900, demised to the appellee the premises described in the complaint in this cause from July 1, 1900, till April 30, 1902, the appellee to pay as rent therefor the sum of $250 per month, payable monthly in advance,

on the first day of each month; that the rent due July 1, 1901, was not, nor was any part thereof, paid by the appellees, or any of them; that July 24, 1901, appellants caused a five days' notice, in accordance with the statute in such case made and provided, to be served on said appellee, notifying appellee that unless payment should be made of the said July rent, to-wit, $250, on or before July 29, 1901, the said lease from appellants to appellee would be terminated, and that appellee did not pay said rent or any part thereof, but therein made default, and did not surrender to appellants said demised premises or any part thereof."

Propositions of law properly presenting the law questions arising in the case were passed upon by the circuit court, and that court held that the institution of the suit in assumpsit for the rent for the month of July barred a forfeiture of the lease prior to the expiration of that month. The Appellate Court reached the opposite conclusion on this legal proposition, and in accordance with that conclusion and its findings of facts entered the judgment now presented to this court for review.

A. D. Gash, for appellant.

Daniel F. Flannery, for appellees.

Mr. Justice Scott delivered the opinion of the court:

Appellant refused to pay the rent due July 1, 1901, which was the rent for the ensuing month, for the reason that it claimed a larger amount due from the landlord on account of the failure of the landlord to furnish heat as provided by the lease. It is conceded by appellant that in this suit for forcible detainer it cannot successfully defend by showing that such damages exceeded the amount of rent due, but it is contended that appellees could not maintain this suit for the premises involved herein, for the reason that on the same day that this suit was begun another suit in forcible detainer was

begun by appellees against appellant before the same justice of the peace for other premises demised to appellant by a separate lease, the contention being, that one suit should have been brought for the possession of all the real estate described in both complaints, and that as the real estate involved in this suit was not included in the complaint in the other suit, this suit cannot be maintained.

The statute relied upon by appellant in this regard is section 53 of chapter 79 of Hurd's Revised Statutes of 1901, (p. 1116,) which is as follows: "In all actions which shall be commenced before a justice of the peace, each party shall bring forward all his demands against the other, existing at the time of the commencement of the action, which are of such a nature as to be consolidated, and which do not exceed $200 when consolidated into one action or defense; and on refusing or neglecting to do so, shall forever be debarred from suing therefor," and it is argued that under this statute appellees' causes of action in forcible detainer should have been consolidated. This section of the statute does not apply to proceedings under the act in reference to forcible entry and detainer. This construction is shown to be correct by the fact that the plaintiff is required to consolidate only such demands "as do not exceed $200 when consolidated into one action or defense." In suits under the forcible entry and detainer act the jurisdiction of the justice is not affected by the amount involved, and it is therefore apparent that a statute requiring the consolidation of demands which, when consolidated, do not exceed a certain amount, could not apply to rights of action, accruing under a statute, on which suits may be brought before a justice of the peace without reference to the amount involved. If it had been intended to require the consolidation of actions of this character, that intention would have been evinced by a statute on the subject containing no monetary limitation.

It is then urged that as the appellees had brought a suit in assumpsit for the July rent, they could not forfeit the lease and maintain a suit for the possession of the real estate prior to August 1, 1901, for the reason that the beginning of a suit for 'the July rent is inconsistent with the act of appellees in terminating the tenancy prior to the expiration of the month of July. It is said that the suit in assumpsit and the proceeding under the forcible entry and detainer statute are inconsistent remedies for the enforcement of the same right, and that having elected to first sue in assumpsit, the plaintiff can not afterwards, during the period covered by the rents sued for, terminate the lease and sue for possession. This is a misapprehension of the situation. The landlord has two rights: one is, to have the rent that is due paid; the other is, where the rent has not been paid, to proceed under the statute and obtain possession, if the rent be not paid within the time fixed by the notice which the landlord is authorized to give by section 8 of chapter 80 of Hurd's Revised Statutes of 1901, page 1135. If before the expiration of that notice the rent is paid, any further proceedings for the possession are barred; but no attempt to collect the rent by a suit in assumpsit will bar the suit for possession unless the rent be actually paid within the time limited by the notice.

A pending action for use and occupation will not invalidate a notice of the termination of the lease, for the landlord may only recover in his action for rent due at the time of the expiration of the notice, although he may claim rent to a later period. (Taylor on Landlord and Tenant, sec. 485.) The language quoted from Lord Coke in the case of *Jackson* v. *Sheldon,* 5 Cow. 457, also leads to the same conclusion.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*