CASHMAN, RESPONDENT, *v.* VICKERS, JUSTICE OF THE PEACE, ET AL., APPELLANTS.

(No. 5,418.)

(Submitted January 12, 1924. Decided February 5, 1924.)

[223 Pac. 897.]

*Forcible Entry and Unlawful Detainer—Justices of the Peace —Jurisdiction—Constitution—Construction.*

Justices of the Peace—Forcible Entry and Unlawful Detainer—Jurisdiction.
   1. *Held,* that the provision of section 21, Article VIII, of the Constitution, conferring upon justice of the peace courts concurrent jurisdiction with district courts in cases of forcible entry and unlawful detainer actions, is not limited by the provision of section 20 of that article declaring that justices' courts shall not have jurisdiction in any case where the debt, claim, *etc.*, exceeds the sum of $300, but that as to forcible entry and unlawful detainer actions their jurisdiction is unlimited in so far as money demands are concerned.

Same—"Concurrent Jurisdiction"—Definition.
   2. "Concurrent jurisdiction," within the meaning of section 21, Article VIII, of the Constitution, conferring concurrent jurisdiction with district courts upon justices of the peace courts, means that justices' courts are authorized equally with district courts, to try such actions, at the choice of the suitors.

Constitution—Construction—Meaning of Words—Rule.
   3. In construing constitutional provisions, their plain terms must prevail, since it must be supposed that the people in ratifying the Constitution accepted its terms in the belief that the sense sought to be conveyed by them was the one most obvious to the common understanding.

*Appeal from District Court, Big Horn County; A. C. Spencer, Judge.*

APPLICATION for Writ of Prohibition by C. B. Cashman against Robert A. Vickers, Justice of the Peace, Hardin Township, Big Horn County, Montana, and R. P. Gilmore, Sheriff of Big Horn County. Peremptory writ issued and the defendants appeal. Reversed.

Cause submitted on briefs of Counsel.

*Mr. G. F. Gillette,* for Appellants.

The justice courts have concurrent jurisdiction with the district court in action of forcible entry and unlawful detainer. (Const., Art. VIII, sec. 21; Rev. Codes 1921, secs. 8841, 9891.) Concurrent jurisdiction is the same jurisdiction; the jurisdiction of different courts to deal with the same subject matter, in the same manner and to the same degree. (*State* v. *Sinnott,* 89 Me. 41, 35 Atl. 1007; *Rogers* v. *Bonnett,* 2 Okl. 553, 37 Pac. 1078; *Hercules Iron Works* v. *Elgin etc. R. Co.,* 141 Ill. 491, 30 N. E. 1050; *State* v. *Votaw,* 13 Mont. 403, 34 Pac. 315; 12 C. J. 395, note 32.) It is the duty of judiciary to avoid any construction of a written Constitution which will make any word idle and nugatory, or which will eliminate it altogether. (*Montana Coal & Coke Co.* v. *Livingston,* 21 Mont. 59, 52 Pac. 780.) To hold as the lower court has held in this case is to eliminate the word "concurrent" from Article 8, section 21 of the Constitution of the state.

Article VIII, section 20, has no application to actions of forcible entry and detainer. (*Herkimer* v. *Keeler,* 109 Iowa, 680, 81 N. W. 179, 180; *Beck* v. *Glenn,* 69 Ala. 121; *Dibell* v. *People,* 22 Mich. 371; *Hannigan* v. *Mossler,* 44 Ill. App. 117; *Hart* v. *Moon,* 6 Cal. 161; *Weston* v. *Haley,* 27 Vt. 283; *O'Callaghan* v. *Booth,* 6 Cal. 63; *Shands* v. *Howell,* 32 Ga. 438.) The proceedings are special, summary and *quasi* criminal, and the legislature has the right to dispose of the jurisdiction according to its own wisdom. (*Sheehy* v. *Flaherty,* 8 Mont. 365, 20 Pac. 687; *Small* v. *Gwinn,* 6 Cal. 447; *Herkimer* v. *Keeler,* 109 Iowa, 680, 81 N. W. 179, 180; *Simpson* v. *Boykin,* 118 Miss. 701, 79 South. 852.)

The amount recovered is not a debt, claim or damage, under section 20, Article VIII, but punishment for a wrongful act. This section deals with civil matters only and is not a restriction on criminal, *quasi*-criminal, summary, equitable actions, actions involving the title to real property, or original writs,

all of which are separately dealt with in section 21, Article VIII.

The Constitution is a limitation and not a grant, and as it does not inhibit the legislature from giving jurisdiction in summary and *quasi*-criminal matters, that power exists. (*Herkimer* v. *Keeler,* 109 Iowa, 680, 81 N. W. 179, 180.)

In actions of this class the amount of the rent found due must be trebled. (Rev. Codes 1921, sec 1901.) The court has no discretion but to follow the mandate of the legislature. If unlawful detainer be proven and damage awarded, a judgment of treble the amount follows as a matter of course. (*Centennial Brewing Co.* v. *Rouleau,* 49 Mont. 490, 505, 143 Pac. 969.)

*Messrs. Guinn & Maddox,* for Respondent.

Concurrent jurisdiction with the district court in cases of forcible entry and unlawful detainer, as set forth in section 21, Article VIII, of the Constitution, does not in any manner conflict with the provisions of section 20 of said Article. The power of justice courts to try actions in forcible entry and unlawful detainer is limited by section 20 only in the amount which may be recovered in damages or for the debt or claim sued on in the justice court. If the amount of the claim, debt or damage in the justice's court exceeds the sum of three hundred dollars, then, under section 20, justice courts are not clothed with jurisdiction to try the cause and to render judgment for an amount in excess of three hundred dollars, as set forth in said section.

"Concurrent jurisdiction is the same jurisdiction, or the jurisdiction of different courts to deal in the same subject matter in the same manner and to the same degree." The cases cited by appellants are not in any manner germain to the case at bar. The definition above given of concurrent jurisdiction does not in any manner alter or affect the contention of respondent upon which the lower court granted a peremptory writ of prohibition. "Justice courts are of limited

jurisdiction having only such powers as are conferred upon them by statute." (*Layton* v. *Trapp*, 20 Mont. 453, 52 Pac. 208; *State* v. *Laurandeau*, 21 Mont. 216, 53 Pac. 536; *Oppenheimer* v. *Regan*, 32 Mont. 110, 79 Pac. 695; *State ex rel. Matthews* v. *Taylor*, 33 Mont. 212, 83 Pac. 484; *State ex rel. Collier* v. *Houston*, 36 Mont. 178, 12 Ann. Cas. 1027, 92 Pac. 476; *Jenkins* v. *Carroll*, 42 Mont. 302, 112 Pac. 1064; *Hosoda* v. *Neville*, 45 Mont. 310, 123 Pac. 20; *Miller* v. *Miller*, 47 Mont. 150, 131 Pac. 23.)

A case involving some of the questions at issue in the case at bar is the matter of *Hobon* v. *Ryan*, 130 Cal. 96, 62 Pac. 296. While in California the jurisdiction of the justices of the peace in cases of forcible entry and unlawful detainer is limited by Constitution and statute to the extent that justices have no jurisdiction in actions of this character in excess of the demand for a rental value exceeding twenty-five dollars per month, and where the whole amount of damages claimed does not exceed two hundred dollars, the court expresses its views on a conflict in this section of the Constitution and in another which limits the jurisdiction of a justice court to three hundred dollars, in the following manner. "The amount sued for, exclusive of interest, is the test of jurisdiction. The question of jurisdiction must depend upon the construction of the language used in the constitutional provision." In further comment upon the question of jurisdiction in such actions, the court takes the view that it should not construe any section of the Constitution to conflict with another, and since the limit of damages in any case, under the California statute, in actions of this kind, if trebled, would amount to six hundred dollars, and the jurisdictions of justice courts by another section is limited to three hundred dollars for a fine, penalty or forfeiture, the court holds this to be impossible and reverses the case because of want of jurisdiction in the justice court.

Section 9901, Revised Codes of 1921, provides for the assessment or rent and damages and for the trebling of those

amounts as a penalty for willfully holding over after notice. It has been frequently held in this jurisdiction and in others that where a penalty is assessed in addition to the amount demanded, that if that penalty exceeds the sum of three hundred dollars, then the justice of the peace shall have no jurisdiction. (*Oppenheimer* v. *Regan,* 32 Mont. 110, 79 Pac. 695; *Reynolds* v. *Smith,* 48 Mont. 149, 135 Pac. 1190; *De Jarnatt* v. *Marquez,* 127 Cal. 558, 78 Am. St. Rep. 90, 60 Pac. 45; *Ferguson* v. *Byers,* 40 Or. 468, 67 Pac. 1115, 69 Pac. 32.)

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The facts in this case are that Katie Becker, in April, 1919, leased to C. B. Cashman, for a period of five years, lot 12 in block 12 of the original town of Hardin, at a monthly rental of $450. Pursuant to the lease Cashman took and retained possession of the premises. In August, 1923, there was due and owing to Becker from Cashman one month's rent. In September Becker demanded of Cashman in writing that he pay the rent or surrender possession. He refused to do either. Becker brought an action in the justice's court for the restitution of the premises and for the sum of $450 rent due, asking that the rent be trebled. Cashman answered by general denial. When the time came for trial he withdrew his answer and refused to plead further. The justice of the peace then entered Cashman's default for want of answer and gave judgment to Becker for the restitution of the premises, for the sum of $1,350, and costs of suit. Writ of restitution and execution, issued in aid of the judgment, were placed in the hands of the sheriff. Then Cashman made application to the district court for a writ of prohibition directed against the justice of the peace and the sheriff, upon the ground that the judgment is in excess of the jurisdiction of the justice of the peace, and therefore the justice's court was without authority to issue a writ of restitution or execution in the cause. Upon a hearing the district court ordered issued a peremptory writ

of prohibition commanding the justice of the peace and the sheriff to desist from proceeding further. The justice of the peace and sheriff have appealed.

Justices' courts are provided for in section 20 of Article VIII of the Constitution, and their jurisdiction is prescribed in that and the next following section. Section 20 says in part that "Justices' courts shall have such original jurisdiction within their respective counties as may be prescribed by law, except as in this Constitution otherwise provided; provided, that they shall not have jurisdiction in any case where the debt, damage, claim or value of the property involved exceeds the sum of three hundred dollars." Section 21 declares that "justices' courts shall not have jurisdiction in any case involving the title or right of possession of real property"; and, after prescribing other restrictions and limitations, declares that justices' courts shall "have concurrent jurisdiction with the district courts in cases of forcible entry and unlawful detainer."

The vital point is whether the declaration of section 21, [1] that justices' courts shall "have concurrent jurisdiction with the district courts in cases of forcible entry and unlawful detainer," is limited by the provisions of section 20, "that they shall not have jurisdiction in any case where the debt, damage, claim or value of the property involved exceeds the sum of three hundred dollars," or whether the quoted language of section 21 is unrestricted and means exactly what it says. If the latter position is correct, the jurisdiction of justices' courts in these cases, as in district courts, is unlimited in so far as money demands are concerned.

If there are identical provisions in the Constitution of any other state, they have not come to our attention.

Forcible entry and detainer statutes have an ancient lineage. By the early common law one disseized of his lands might lawfully regain possession thereof by force, "unless his entry was taken away or barred by his own neglect, or other circumstances." "But this being found very prejudicial to the

public peace, it was thought necessary by several statutes to restrain all persons from the use of such violent methods, even of doing themselves justice; and much more if they have no justice in their claim." (4 Blackstone, p. 148.) As to these statutes, 2 Edw. III, 5 Richard II, 15 Richard II, and 8 Henry VI, see 12 Cal. Jur. 595. In 11 R. C. L. 1137, treating of the same subject, it is observed that the substance and in a large decree the quaint phraseology of those early enactments have been retained in the statutes of many states of the Union. This language is applicable to the forcible entry and unlawful detainer statutes enacted by our first territorial legislature (Title 21, secs. 647 to 666, inclusive, Bannack Laws, p. 171) which were carried forward as a part of our statutory law until superseded by the provisions of Chapter 4, Title 3, of the Code of Civil Procedure of 1895, sections 2080 to 2099, inclusive, now sections 9887 to 9906, inclusive, Rev. Codes 1921.

By section 546 of Title 20 (Bannack Laws, p. 150) justices' courts were given jurisdiction "of an action for a forcible or unlawful entry upon, or a forcible or unlawful detention of lands, tenements, or other possessions," where title to real property was not in question.

Section 657 of Title 21, *supra* (Bannack Laws, p. 173), provided in "all cases of a verdict by the justice or jury" for the plaintiff "the damages shall be assessed as well for the waste and injury committed upon the premises as for the rents and profits during such detainer," and the damages "when so assessed shall be trebled by said justice and entered as a judgment in the cause upon which execution may issue." No restriction as to the amount of the verdict is made.

When our constitutional convention was in session the jurisdiction of justices of the peace was prescribed by section 735, page 250, of the Compiled Statutes of 1887: "Justices' courts shall have jurisdiction of the following cases: First. In all civil actions where the amount claimed does not exceed the sum of three hundred dollars. Second. Of actions to recover the possession of personal property when the value of such

property does not exceed three hundred dollars. Third. Of actions for a forcible or an unlawful entry upon, or a forcible or unlawful detainer of lands, tenements, or other possessions. The jurisdiction conferred by this section shall not extend, however, to civil actions in which the title to real property shall come in question.''

It will be noted that divisions first, second and third are co-ordinate; neither is a limitation upon the other. Further, that division third is without limitation except where the title to real property shall come in question.

From the beginning the primary purpose of forcible entry and detainer statutes has been to provide a summary remedy for the restitution of the possession of real property when taken or withheld forcibly or unlawfully under the circumstances contemplated by the Act; consequent damages seem to have been considered merely incidental to the main remedy.

It has been held, we think without exception, that a general statute prescribing the jurisdiction of justices' courts does not operate to limit the jurisdiction of those courts in forcible entry and detainer cases.

In *Zander* v. *Coe*, 5 Cal. 230, the supreme court carefully considered the provisions of the Constitution of California touching the jurisdiction of the several courts of that state. It was decided that justices of the peace did not have jurisdiction of a case where the amount in controversy exceeded $200. But a little later the case of *O'Callaghan* v. *Booth*, 6 Cal. 63, came before the court. The action was one for forcible entry and unlawful detainer, commenced in a justice's court. The complaint averred the value of the monthly rent of the lot to be $400, and prayed generally for treble damages. On the trial before the justice a judgment was rendered for restitution of the premises and $285 damages. The cause was appealed to the county court, which, after many delays, rendered judgment for restitution and $12,150 damages. On appeal the supreme court affirmed the judgment of the county

court, holding that the justice's court had jurisdiction because the action was in forcible entry and unlawful detainer.

And in *Hart* v. *Moon*, 6 Cal. 161, the court said: "The decision of *Zander* v. *Coe*, 5 Cal. 230, limiting the jurisdiction of justices in civil cases, does not apply to proceedings under the statute concerning forcible entry." To the same effect is *Small* v. *Gwinn*, 6 Cal. 447.

In *Weston* v. *Haley*, 27 Vt. 283, the court said the jurisdiction of a justice of the peace in a forcible entry and detainer proceeding "is in no way affected by the provisions of the general Act in relation to the jurisdiction of justices of the peace," and, "hence, the jurisdiction of the justice in this proceeding was not made to depend upon the question of damages, or upon the value of the property involved."

The supreme court of Michigan held that the jurisdiction of justices of the peace in cases of forcible entry and detainer was wholly derived from the Chapter entitled "Of Forcible Entry and Detainer and the Acts Amendatory of It," and when exercising such jurisdiction they were not bound by any of the provisions of the "Justices' Act," except in so far as the forcible entry Chapter may have adopted certain proceedings of that Act. (*Dibell* v. *People*, 22 Mich. 371.)

In a case brought before a justice of the peace for unlawful detention of real estate, the supreme court of Indiana said: "It is urged that the amount of damages is beyond the jurisdiction of a justice of the peace; but this proceeding is a special one, given by statute to justices of the peace, and without limit of amount as to jurisdiction." (*Sturgeon* v. *Hitchens*, 22 Ind. 107, and see *Scott* v. *Willis*, 122 Ind. 1, 22 N. E. 786.)

In *Silvey* v. *Summer*, 61 Mo. 253, the court said: "There is nothing in the point that the damages claimed in the complaint, $300, exceed the jurisdiction of a justice of the peace. The statute has made no limit in this regard, and we would not be authorized in making one."

Long after the California decisions mentioned above were decided the people of that state amended their Constitution. Therein it was provided that justices of the peace "shall have concurrent jurisdiction with the superior courts in cases of forcible entry and detainer, where the rental value does not exceed twenty-five dollars per month, and where the whole amount of damages claimed does not exceed two hundred dollars." (Const. Cal., Art. VI, sec. 11.) And such was the condition of the Constitution of California with respect to this matter when our constitutional convention was sitting. As is well known to every Montana lawyer, the members of our convention made much use of the Constitution of California; they understood its provisions well. They were familiar with the provisions of the Compiled Statutes of the territory above quoted. And as some of the foremost lawyers of the territory were members of the convention, men who had practiced in different states before coming to Montana, it is reasonable to suppose they knew the laws of the different states on this subject. Thus equipped with learning we may not doubt that they used advisedly the language of section 21 of Article VIII of the Constitution wherein justices' courts are given concurrent jurisdiction with district courts in actions of forcible entry and unlawful detainer. If they did use that language advisedly they did not intend to limit the provisions of section 21 by the provisions of section 20. Note that, while the language they employed in the last sentence of section 21 up to and including the word "detainer" is similar to that of the California section, the words following "forcible entry and detainer" in the California section were omitted from ours. If the framers of our Constitution had intended to restrict justices' courts in the matter of assessing damages in forcible entry and unlawful detainer actions, would they not have added appropriate words to that end?

What is concurrent jurisdiction? "Concurrent" is defined [2, 3] as "co-ordinate, concomitant, as, concurrent remedies or jurisdiction." (Funk & Wagnall's Standard Dictionary.)

"Having the same authority." (Black's Law Dictionary, 2d ed.) Concurrent jurisdiction means equal jurisdiction. (*State v. Sinnott,* 89 Me. 41, 35 Atl. 1007.) Concurrent jurisdiction means that different tribunals are authorized to deal equally with the same subject matter at the choice of the suitor. (Bouvier's Law Dictionary, "Jurisdiction"; *In re Nichols' Will,* 64 Okl. 241, 166 Pac. 1087; *Hercules Iron Works* v. *Elgin etc. Ry. Co.,* 141 Ill. 491, 30 N. E. 1050; *J. S. Keator Lumber Co.* v. *St. Croix Boom Corp.,* 72 Wis. 62, 7 Am. St. Rep. 837, 38 N. W. 529; *Oklahoma Fire Ins. Co.* v. *Phillip,* 27 Okl. 234, 111 Pac. 334.)

The plain terms of constitutional provisions should prevail. It is not to be supposed that the people have looked for any abstruse or recondite meaning in employing words in a Constitution, "but rather that they have accepted them in the sense most obvious to the common understanding" and have ratified the instrument in the belief that that was the sense designed to be conveyed. (Cooley's Const. Lim. 81; *The Veto Case, ante,* p. 325, 222 Pac. 428.)

The construction contended for by plaintiff is that justices' courts shall "have concurrent jurisdiction with the district courts in cases of forcible entry and unlawful detainer" (sec. 21), except "that they shall not have jurisdiction in any case where the debt, damage, claim or value of the property involved exceeds the sum of three hundred dollars" (sec. 20). If this be correct, then justices' courts have not "concurrent jurisdiction" when the value of the property involved exceeds the sum of $300. Similar contentions have been denied by the supreme courts of other states. (See *Herkimer* v. *Keeler,* 109 Iowa, 680, 81 N. W. 179; *Hannigan* v. *Mossler,* 44 Ill. App. 117; *Schumann Piano Co.* v. *Mark,* 208 Ill. 282, 70 N. E. 226; *Beck* v. *Glenn,* 69 Ala. 121.)

Now by a parity of reasoning, if the words "value of the property involved" are not controlling, neither are the words "debt," "damage," or "claim."

There is a practical explanation for the statement that the Constitution framers intended to give to justices' courts in actions of this nature the same jurisdiction in all respects (except appellate) as was given to the district courts. Montana is a state of vast extent. While large portions of it are susceptible of close settlement, others by reason of physical conditions can never be otherwise than sparsely occupied. And yet in the less-favored portions there are and will be valuable ranches, farms and mines, and villages and towns. In 1889 there were but sixteen counties in all Montana, two of them, Custer and Dawson, being two of the largest, if not the two largest, counties in the United States. Now, thirty-five years later, there are sixteen counties, and some of them are very large, within the territory formerly embraced within the boundaries of Custer and Dawson. The Constitution provided for eight judicial districts, the seventh comprising Yellowstone, Custer and Dawson counties. (Art. VIII, sec. 13.) The Constitution commands that four terms of the district court shall be held yearly in each county (sec. 17), but the framers knew there might be long intervals between jury terms. Long distances from the county seats in the extensive counties of Montana there were towns in which there were justices of the peace. Thus justices' courts were available to suitors in forcible entry and unlawful detainer actions. If resort to the district court had been compelled, long trips to the county seat with consequent inconvenience and expense, as well as great delay, would have been the certain result, and justice delayed frequently would have been justice denied. It was foreseen that unless a wide jurisdiction was given justices' courts in actions for forcible entry, forcible detainer, and unlawful detainer, relief from the district court being unavailable for long periods of time, serious and frequent disturbances of the peace—the very evils which the remedy of forcible entry and detainer was designed to prevent—were certain to result.

In view of the history and authorities above referred to and invoking the obvious rules of statutory construction, the in-

vestigator is driven to the inevitable conclusion that the only logical construction of the two provisions of our Constitution is this: Section 20 prescribes the general jurisdiction of justices of the peace, or justices' courts, in matters exclusively civil, while section 21 provides definite restrictions upon their powers in civil matters, provides for their limitations in criminal matters, and confers special jurisdiction in cases of forcible entry and unlawful detainer. Such, it seems to us, was the clear intention of the framers of the Constitution expressed in language unmistakable in its meaning.

Therefore it follows that the justice of the peace acted within his jurisdiction, and the judgment he gave to the plaintiff was valid.

In considering this cause we have availed ourselves not only of the briefs filed by counsel of appellants and respondent, but also of those filed by counsel in the case of *Lambert* v. *Helena Adjustment Co., ante,* p. 510, 222 Pac. 1057.

The judgment is reversed, with directions to the district court to dismiss the plaintiff's application for a writ of prohibition and to annul all proceedings taken in pursuance thereof.

*Reversed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.