Peter Bartzen, Defendant in Error, v. William H. Schroeder, Plaintiff in Error.

### Gen. No. 14,720.

FORCIBLE ENTRY AND DETAINER—*what relief obtainable in Municipal Court.* In an action in forcible entry and detainer in the Municipal Court, the landlord may recover as well the possession to which he is entitled as the money due to him.

Forcible detainer. Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 22, 1909.

Statement by the Court.   This is an action by defendant in error to recover possession of premises leased to the plaintiff in error January 17, 1907, at a rental of fifty dollars a month, and with his claim for possession plaintiff united a claim for rent or damages for withholding possession. The rent for the months of March and April, 1908, had not been paid. The term of the lease expired April 30, 1908. This suit was begun April 29, 1908. The lease in question contained a provision granting the lessee a privilege or option of renewing the lease for an additional term of two years at a rental of sixty dollars a month.

On the 11th of April, 1908, the plaintiff served a five day notice upon the defendant, requiring payment of the overdue rent for the two months above mentioned, amounting to $100. The five days expired

April 16, 1908. The defendant did not pay the rent due and up to that time had made no tender of it. After the expiration of the five days and before this suit was begun the attorney for the plaintiff called on the defendant and was informed by the latter that he intended to vacate the premises the first of May following, but might need an additional day or two to complete the removal of his effects. The defendant was told, it is said, that no action would be instituted against him if he gave up possession within a day or two after the first of May. There is evidence tending to show that the defendant also told the plaintiff's son and agent that he had no intention of remaining in possession of the leased premises after May 1st. Acting, it is claimed, upon these statements of the defendant, the plaintiff on April 19, 1908, leased the premises for a term beginning May 1, 1908, to a third party. It is claimed on behalf of the plaintiff that this fact became known to the defendant and he thereupon undertook to extort a hundred dollars from the plaintiff before he would give up the premises. It is claimed on the other hand by the defendant that the plaintiff's attorney agreed to pay defendant $100 for his option to renew, the payment to be made by giving defendant a receipt for the hundred dollars due for the March and April rent; that thereupon the defendant agreed to surrender the premises upon delivery to him of such receipt, and began preparations for moving. Defendant claims to have waited for this receipt until April 30, 1908, when not having received it, he says he called up the plaintiff and notified him that he had the rent ready and that as he had not received the receipt, he would renew the lease and would pay the overdue rent the next day. He did make the tender the next day, May 1, 1908, and it was refused. The defendant renewed the tender in open court when this suit was called for trial, and tendered also an additional sum of sixty dollars to cover a month's rent which would have

been due had he exercised his option in proper time and renewed the lease.

The issues were submitted to a jury, which found in favor of plaintiff, awarding him possession of the premises and fixing his damages at one hundred dollars. Judgment was entered accordingly and the defendant prosecutes this writ of error.

J. MARION MILLER, for plaintiff in error.

O'SHAUGHNESSY & O'SHAUGHNESSY, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended in behalf of defendant that the plaintiff cannot maintain an action in the Municipal Court for the possession of the premises and in the same action recover for the rent due. The claim seems to be that the two remedies were inconsistent, that the plaintiff should have been compelled to elect which remedy to pursue and that the election of one would be a waiver of the other. This contention cannot be sustained in view of the provision of the Municipal Court Act as follows: "In forcible detainer cases the plaintiff may unite with his claim for possession of the property any claim for rent or damages for withholding possession of the same." Par. 3 of sec. 311, chap. 37, R. S. This suit was brought before the end of the month of April, but by the terms of the lease the rent was due and payable in advance on the first of that month. In Schumann Piano Co. v. Mark, 208 Ill. 282-288, cited by defendant's attorney, it is said that "a pending action for use and occupation will not invalidate a notice of the termination of the lease, for the landlord may only recover in his action for rent due at the time of the expiration of the notice, although he may claim rent to a later period." That was a suit

in forcible entry and detainer alone and was brought before the passage of the Municipal Court Act.

It is argued that the plaintiff waived the forfeiture of the lease, and defendant testifies that plaintiff told him to "let the rent go until the lease was settled," and that this was after the service of the five day notice. It is claimed that this is not denied by the plaintiff. We are of opinion, however, that the testimony for the plaintiff is inconsistent with defendant's claim in this respect, and that the jury was amply justified by the evidence as a whole in finding against defendant's contention.

It is further urged that inasmuch as the plaintiff had leased the premises from May 1, 1908, to a third party he cannot maintain an action of forcible detainer, because it is said he was not entitled to possession of the premises. That new lease, however, was for a term beginning May 1, 1908. This suit was begun on the 29th of April, 1908, at which time the right of possession of the premises was still in the plaintiff.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*