### STATE

*vs.*

### AUSTIN L. SINNOTT and WILLIAM STONE, Appellants.

### York.    Opinion March 21, 1896.

*Fish and Game.   Penalties.   Procedure.   Jurisdiction.   Saco Mun. Court.   R. S.,
c. 40, § 21;  133, § 13;   Stat. 1885, c. 275;  1887, c. 144;
1889, c. 292;  1891, c. 126.*

Since the Stat. 1891, c. 126, prosecutions for the violation of the fish and game laws, as therein provided, may be begun and finished upon complaint before judges of municipal and police courts and trial justices.   This mode of prosecution which had been omitted apparently, by inadvertence, from the statutes of 1887 and 1889, was expressly revived by that act of the Legislature.

The Saco Municipal Court has jurisdiction to render final judgment of conviction and sentence in such prosecutions, subject to the right of appeal.   R. S. c. 133, § 13.

ON EXCEPTIONS BY DEFENDANTS.

The case is stated in the opinion.

*Willis T. Emmons,* County Attorney, for State.

*B. F. Hamilton and B. F. Cleaves,* for defendants.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WISWELL, STROUT, JJ.

PETERS, C. J. The two respondents were convicted and sentenced to pay each a fine of $57.50 by the Saco Municipal Court upon a complaint for unlawfully having in possession one hundred and fifteen short lobsters contrary to the statute. R. S., c. 40, § 21, as amended by the Acts 1885, c. 275, 1887, c. 144, and 1889, c. 292. They thereupon appealed to this court, in York County, and there moved for a dismissal of this particular prosecution upon the ground that they could not be convicted of the offense upon a complaint, but only after an indictment.

Must their conviction be preceded by an indictment, or may it be had upon a complaint? In the act of 1885, c. 258, it is expressly declared that judges of municipal and police courts, and trial justices within their counties, have by complaint original and concurrent jurisdiction with the supreme judicial and superior courts in all prosecutions under R. S., c. 40, (the fish and game statute) and under the acts amendatory of said chapter. In the act of 1891, c. 126, it is again expressly declared that all fines and penalties under any law relating to game, fish or shell fish may be recovered by complaint, indictment or action of debt. These two statutes make it sufficiently clear that a conviction under these fish statutes may be had upon a complaint and in a municipal court. The power of the legislature to provide for such a conviction for such an offense is indisputable. *State* v. *Cram,* 84 Maine, 271.

The respondents, however, contend that the act of 1885, c. 258, was repealed upon this point by the act of 1887, c. 144, § 7, which enacted that all fines and penalties under that act should be recovered by indictment or action of debt, and made no mention of a complaint as a mode of recovery. They also contend that it was again completely repealed by act of 1889, c. 292, which re-enacted

in section 6 the above limitation of modes of prosecution to indictment and action of debt, and by section 8, enacted that "all laws, acts and parts of acts inconsistent herewith are hereby repealed."

But the still later act of 1891, c. 126, above cited, expressly restored the mode of prosecution by complaint which had been omitted apparently by inadvertence from the acts of 1887 and 1889. It must be evident, after the act of 1891, that the will of the legislature is that prosecutions under the fish and game laws may be begun and finished upon complaint.

The respondents further contend that, even if a prosecution can be begun and finished upon complaint, it cannot be so finished in the Saco municipal court, which, by the act creating it, is limited in jurisdiction to offenses punishable by fine not exceeding twenty dollars. It was competent, however, for the legislature to afterward enlarge that jurisdiction by special or general statutes. The legislature has once declared that municipal courts should have concurrent (i. e. joint and equal, Web. Dict.) jurisdiction with the upper courts over these proceedings. It has again declared that all the penalties imposed by the fish and game laws may be enforced by complaint, a mode of prosecution cognizable in a superior court only after conviction in and appeal from a municipal or police court or trial justice. R. S., c. 133, § 13. Under these explicit declarations of legislative will, it must be held that the Saco municipal court has jurisdiction to render final judgment of conviction and sentence in prosecutions like this, subject of course to appeal.

*Exceptions overruled.*