## TILLIE HILL v. STATE.

### No. A-510.   Opinion Filed May 4, 1910.

### (109 Pac. 291.)

1.    JURY—Number of Jurors—County Courts—Superior Courts. The superior courts created by Act approved March 6. 1909, are not county courts as the latter term is used in sec. 19, art. 2 of the Const., even when exercising jurisdiction concurrent with the county courts.

2.    SAME. Under sec. 19, art. 2 of Const. of Okla., a jury for the trial of all civil and criminal cases in the superior courts, created by Act approved March 6, 1909, (art. 4, chap. 24 of Snyder's Comp. Laws of Okla.) consists of twelve men, and that portion of section 1970 of Snyder's Comp. Laws of Okla., providing for the trial of misdemeanors in the superior courts before a jury of six men, is unconstitutional and void.

3.    INTOXICATING LIQUOR—Possession With Intent to Sell—Evidence—Other Offenses. In a prosecution for having in possession prohibited liquor with intent to sell the same, evidence of unlawful sales previously made by the defendant is competent as a circumstance tending to show the intent to sell. .

4.    SAME—Instructions. In a prosecution for having in possession prohibited liquor with intent to sell the same, evidence of prior sales made by the defendant by leaving a bottle of liquor on a table for the purchaser, which the latter takes, himself depositing and leaving on the table the purchase price thereof, is com-

petent as bearing upon the question of the defendant's intent to sell the liquor in possession; and in such case an instruction to the jury as to what constitutes a sale made by trick, artifice or subterfuge, is not improper.

5. SAME—Instructions—Sale by Trick or Subterfuge. An instruction that, "By trick, artifice or subterfuge is meant that although the liquors are not handed to the buyer or the money handed directly to the seller, if such money is deposited in a place which is accessible to the seller, such trick, artifice, or subterfuge would constitute a sale," is erroneous for the reason that it omits a necessary ingredient of the sale, to-wit, delivering the liquor to the purchaser or placing it in a place where the purchaser gets it.

6. SAME—Instructions—Sales by Agent. An instruction that, "If you find from the evidence that the whole course of defendant's business is unlawful, or that she kept liquors for sale in violation of law, you are instructed that she would be responsible for any sales by her servants or agents, whether or not she knew of the particular sale or consented thereto, and no matter what her orders to them may have been," is erroneous for not limiting the unlawful character of the defendant's business to violations to the prohibition laws.

(Syllabus by the Court.)

*Appeal from Superior Court, Logan County; J. M. Sandlin, Judge.*

The county attorney of Logan County filed in the Superior Court of that county an information against Tillie Hill charging her with the offense of unlawfully having in her possession certain spirituous, fermented and malt liquors with the intent on her part to violate section 1, article 3, chapter 69 of the Session Laws of 1907-8, by selling said liquors. When the cause was called for trial she demanded a jury of twelve men, which was overruled and she excepted. She was placed on trial before a jury of only six men, who found her guilty, and the court assessed her punishment at imprisonment for thirty days and a fine of $200.00. She filed a motion for a new trial, which was heard and overruled, and she appeals. Reversed and remanded.

*John H. Burford* and *Frank B. Burford,* for plaintiff in error. —On question of number of jurors in superior court: *People v. Luby,* 56 Mich. 551; *Jackson v. Coates,* 6 A. & E. Enc. L. 1048,

and cases cited; *People v. Draper,* 15 N. Y. 543; *Epping v. City of Columbus,* 117 Ga. 263; *Rhodes v. Weldy,* 46 Ohio St. 234; *Jones v. DuBois,* 16 N. J. L. 293; *Pitte v. Shipley,* 46 Cal. 160.

*Fred S. Caldwell,* for the State. No brief reached the reporter.

RICHARDSON, JUDGE. The question of paramount importance in this case is whether a defendant, over his objection, can be lawfully placed upon trial in the superior court for a misdemeanor before a jury composed of only six men. We are compelled to answer the question in the negative.

Section 19 of article 2 of our Constitution provides:

"The right of trial by jury shall be and remain inviolate, *and a jury for the trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve men;* but in county courts and courts not of record a jury shall consist of six men."

In addition to the district and county courts specially created by our Constitution, the Legislature of this state by act approved March 6, 1909, created in every county in this state having a population of 30,000 or more, and having a city therein with a population of 8,000 or more, a court known as the superior court of such county, and bestowed upon it general civil and criminal jurisdiction coextensive with the county. It gave to such court jurisdiction concurrent with the district court in all proceedings, causes and matters whatsoever, and jurisdiction concurrent with the county court in all civil and criminal matters, except matters of probate. It provided for a clerk, seal and records for said court, and by express terms made it a court of record. The act contained this further provision:

"Juries in said court shall be composed of the same number of men of the same qualifications as in the district court, and all laws relative to juries and jurors for district courts shall be, and are hereby made applicable to the said superior courts: *Provided, however, that all misdemeanor cases shall be tried by a jury of six men, instead of twelve,* to be selected the same as juries in the district courts." (Snyder's Comp. Laws of Okla., art. 4, chap. 24.)

There appears to us but little room for argument upon this

question. If it be conceded that the superior courts are "courts of record other than county courts," then all debatable ground disappears; and after a statement of that conceded fact as the premise, nothing remains to be done but to substitute in the constitutional provision the term "superior courts" for its equivalent expression, "courts of record other than county courts", and the conclusion inevitably follows that therefore by the mandate of the Constitution a jury for the trial of civil and criminal cases in the superior courts shall consist of twelve men.

Counsel for the state, however, does not concede that the superior courts are courts other than county courts; on the contrary he insists that whenever the superior courts are exercising jurisdiction concurrent with the county courts, they are county courts within the meaning of the Constitution. This then being the question, it might be well to define our terms before we proceed further. What is meant by the term "county courts" as used in this section of the Constitution? Does that term refer to that certain court, created in and for each county, defined, described and its jurisdiction granted and limited by sections 11 to 17 inclusive of article 7 of the Constitution? Or is it used to designate a class of courts so known and denominated because their jurisdiction is limited by the geographical boundaries of the county? If this last is true, then how many county courts are there in Logan County? There is the District Court of Logan County, the Superior Court of Logan County, and the County Court of Logan County, each of whose jurisdiction is limited by the geographical boundaries of the county. And in addition there are the various justice of the peace courts of Logan County, none of which are courts of record, but all of which exercise their jurisdiction co-extensive with the county (sec. 18, art. 7 of Const., and sec. 8788, Snyder's Comp. Laws of Okla.), and are therefore, according to the test, county courts. And if the foregoing is true, then what courts have we left to which section 19 of article 2 of the Constitution can apply? "A jury for the trial of civil and criminal cases in courts of record other than county courts, shall consist of twelve men, but in

3 Cr.—44

county courts and courts not of record a jury shall consist of six men", says the Constitution. Yet, according to the test, all of the tribunals clothed with judicial power in this state are county courts, except the Senate when sitting as a court of impeachment, the Supreme Court and the Criminal Court of Appeals, none of which use a jury at all. Therefore the only jury known to our law is a jury of six men, and the constitutional provision in regard to a jury of twelve men is a jumble of meaningless words.

Take the other line of argument urged by the state, namely, that if the county courts referred to in Section 19 of article 2 of the Constitution are the county courts created by section 11 of article 7 of the Constitution, still any other courts created pursuant to section 1 of article 7 of the Constitution are county courts within the meaning of the first quoted section when lawfully exercising jurisdiction concurrent with the county courts. If that is true, then is not the district court a county court when it is trying an action in debt for any amount between $500.00 and $1,000.00, an action of which the district and county courts have concurrent jurisdiction? The district court, to be sure, is a court created by the Constitution itself, but so is the county court. The creation of the superior court, however, is authorized by the Constitution. The only difference is that the district court cannot be abolished by the Legislature, nor the jurisdiction unreservedly given it by the Constitution taken away, while the superior court may be abolished or its jurisdiction limited as the Legislature may see fit. But so long as the latter is not abolished and its jurisdiction not limited, so long as its jurisdiction is concurrent with the district court in all proceedings, matters and causes whatsoever, why should not the same reasoning apply to the district court which is sought to be applied to the superior courts? Why would not the district court be as much a county court as would the superior court when it exercises jurisdiction concurrent with the county court? And if it be true, as contended by the state, that an inherent distinction exists between the district court and the superior court in this respect because the one is of legis-

lative and the other of constitutional origin, then we answer that
that same distinction must be made between the county courts and
the superior courts, for here also the one is of legislative and the
other of constitutional origin. And if the superior court is a
county court when exercising jurisdiction concurrent with that
court, then is it not also a district court when exercising juris-
diction concurrent with the district court; and a justice of the
peace court when exercising jurisdiction concurrent with that
court? And if it should try an action in debt for $100.00, and
render a judgment against the defendant for that sum, would it
have to certify a transcript of that judgment and have that tran-
script entered upon the judgment docket of the district court be-
fore such judgment became a lien on real estate? Moreover, if
the superior court is a county court when exercising jurisdiction
concurrent with that court, then is not a jury of six men for this
court absolutely commanded by the Constitution even in civil cases
within the county court's jurisdiction, especially that class of civil
cases not within the jurisdiction of the district court? Is the
superior court one court at one time and another and different
court of another time? We think not. It is a court *sui generis*.
It has the jurisdiction of a district court and also jurisdiction
which the district court does not have; it has concurrent jurisdic-
tion with the county court in certain matters but not in all, and
it has jurisdiction which the county court does not have. It is a
court of record other than the county court. The county court
referred to in section 19 of article 2 of our Constitution is the
county court created by section 11 of article 7 of that same Con-
stitution; and that court is the only court of record in this state
in which a jury of six men may be used. The Legislature is
powerless in the face of the Constitution to provide otherwise.
The test is not the character of case to be tried, but the court in
which it is tried. See *People v. Luby,* 56 Mich. 551, an almost
identical case decided by Chief Justice Cooley, one of the greatest
of constitutional lawyers. It may be that, tested by reason and
logic, the provision should be otherwise; but that is a matter for

the consideration of the people in their sovereign capacity of constitution makers and amenders, and not for us. There is nothing more unreasonable or illogical in this procedure than there is in trying an action for $600 claimed as debt in the district court with a jury of twelve men, while the county court in an adjoining room is trying the very same character of case for the very same amount with a jury of six men. Under the Constitution twelve men constitute a jury in the superior court in all cases, and in civil cases and misdemeanors it requires the concurrence of at least nine jurors to render a verdict, and in felony cases the concurrence of the full twelve. The court therefore erred in overruling the demand of plaintiff in error for a jury of twelve men.

The next contention of the plaintiff in error is that the verdict is contrary to the law and the evidence, in that there was no sufficient proof that the plaintiff in error was in possession of the liquor in question, or, if she was, that such possession was with an unlawful intent on her part to sell the same. Since the cause must be reversed however for the error already indicated, we deem it unnecessary to review this assignment, or to make any comment thereon further than to say that we consider the evidence sufficient to sustain the verdict. Evidence of unlawful sales previously made by the defendant is competent in cases of this kind as a circumstance tending to show an essential ingredient of the offense, namely, the intent to sell the liquor in possession. The state of the evidence in this case is such that the jury might well have believed beyond a reasonable doubt that the liquor in question was the property of the plaintiff in error, that it was kept by her for the unlawful purpose of selling the same, and that it was being sold not only with her knowledge and consent but also under her direction. It may be that this liquor was kept for an innocent and lawful purpose, but it occurs to us that when half a barrel of whisky and a tub of iced beer are found under a trap-door in the floor of a house, which trap-door is covered with a carpet, and directly over which sets a lady's dresser, and when it is shown that numerous sales of whiskey and beer are being constantly made in the premises, a

juror might be indulged the belief that such liquor was kept for an unlawful purpose.

Also it is contended that the evidence shows that the liquor in question was in the possession of a servant or employee of the plaintiff in error, and that the previous sales, if any had been made, were made by such servant or employee, and that the evidence does not show that said sales, if made, were made under the direction or with the knowledge and consent of the plaintiff in error. And plaintiff in error contends that a master is not punishable criminally for the offenses of his servants unless they were committed by his command or with his consent. We assent to the principle of law stated, but are unable to say, upon a consideration of all the evidence, that the facts are as claimed by plaintiff in error.

The court instructed the jury as follows:

"By a sale as meant in the charge in this case, is a delivery of the possession of the liquors described for a consideration, either by the defendant or by a servant or agent of the defendant, with the defendant's knowledge or consent or by trick, artifice or subterfuge, no matter what the disguise or pretense may be, to some person or persons who parts with the consideration in exchange for the liquors, and an intention to sell said liquors means having possession and control of the same with the purpose to deliver the said liquors either in person or by agent, or by any trick, artifice or subterfuge or pretense to some person who shall pay a consideration therefor; and both the possession and the intention to sell the particular liquors charged must be proven as independent facts to your satisfaction beyond a reasonable doubt before you will be warranted in returning a verdict of guilty. By trick, artifice or subterfuge is meant that although the liquors are not handed to the buyer or the money handed directly to the seller, if such money is deposited in a place which is accessible to the seller, such trick, artifice or subterfuge would constitute a sale.

"If you find from the evidence that the whole course of the defendant's business is unlawful or that she kept liquors for sale in violation of law, you are instructed that she would be responsible for any sales by her servants or agents, whether or not she knew of the particular sale or consented thereto, and no matter what her orders to them may have been."

The plaintiff in error complains of that portion of the instruction which deals with the matter of trick, artifice or subterfuge; and she says that the same was not applicable to the evidence in the case and was misleading and confusing. The evidence in the case, however, tended to show that sales had been made in this place by leaving a bottle of liquor on the table which the purchaser would take and in exchange therefor would deposit and leave upon the table the purchase price thereof. Such evidence was competent as being proof of previous sales made by trick, artifice or subterfuge, and as bearing upon the intent with which the plaintiff in error had in her possession the liquor in question, and it was not improper for the court to instruct upon it. That portion of the instruction, however, in which the court told the jury, "By trick, artifice or subterfuge is meant that although the liquors are not handed to the buyer or the money handed directly to the seller, if such money is deposited in a place which is accessible to the seller, such trick, artifice or subterfuge would constitute a sale," standing alone would not be correct, for the reason that it omits a necessary ingredient of a sale, to wit, delivering the liquor to the purchaser or placing it where it is accessible to the purchaser and where the purchaser actually gets it. Also that portion of the instruction in which the court said to the jury that, "If you find from the evidence that the whole course of the defendant's business is unlawful or that she kept liquors for sale in violation of law, you are instructed that she would be responsible for any sales by her servants or agents, whether or not she knew of the particular sale or consented thereto, and no matter what her orders to them may have been," is erroneous for the reason that it is not every unlawful nature of the defendant's business which would make her liable for unlawful sales of liquor made by her servants or agents. For instance, her house might have been a gaming house, and the whole course of her business unlawful in that she was engaged in the constant and deliberate violation of the gaming law though violating no other law, and under such circumstances the sale of prohibited liquors by one of her servants or employees, not by her direction or with her knowl-

edge and consent, would not render her liable for his unlawful act; nor in such case would the possession of intoxicating liquors by one of her employees with the intent on his part to sell the same, without her knowledge or consent, render her liable. Before that could be true, the course of plaintiff in error's business must be unlawful with respect to the particular offense charged; that is, it must have been in violation of the prohibition laws, and the instruction should have been restricted to that. The court might well have charged the jury that if they found from the evidence beyond a reasonable doubt that the defendant was engaged in the unlawful business of selling liquor, then she would be criminally liable for any sales of liquor so kept by her for such purpose, made by her servants or agents in the course of her business, whether she was present or assented to the particular sale or not. This would have limited the effect of the unlawfulness of plaintiff in error's business to the particular offense charged.

The judgment of the Superior Court is reversed and the cause remanded with directions to grant the plaintiff in error a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.