## OKLAHOMA FIRE INSURANCE CO. v. PHILLIP.

No. 1676.    Opinion Filed September 13, 1910.

(111 Pac. 334.)

1.    JUSTICES OF THE PEACE—Appeal to County Court—Transfer to Superior Court. A case pending on appeal in a county court from a judgment of a justice of the peace may be transferred on motion of plaintiff to a superior court, and held, tried, and determined by it.

2.    COURTS—Jurisdiction—County Superior Courts — Concurrent Jurisdiction. County superior courts created by the act of the Legislature approved March 6, 1909 (Sess. Laws Okla. 1909, p. 181) have, except as to matters of probate, concurrent jurisdiction with the county courts in all civil and criminal matters.

3.    COURTS—"Concurrent Jurisdiction." .."Concurrent jurisdiction"

is that of several different tribunals, each authorized to deal with the same subject-matter.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.*

Action between the Oklahoma Fire Insurance Company and Mrs. Maud Phillip. From the judgment, the insurance company brings error. Affirmed.

· *Brook & Brook,* for plaintiff in error.

*De Roos Bailey, J. E. Wyand* and *Chas. A. Moon,* for defendant in error.

DUNN, C. J.   This case presents error from the superior court of Muskogee county. The amount involved is within the jurisdiction of a justice of the peace, and the case was originally filed in such court in that county. After trial and judgment, it was appealed to the county court, and on March 1, 1910, on a motion filed by plaintiff, the same was transferred to the superior court of that county, where trial was had and judgment entered, to review which the case has been brought to this court by proceedings in error.

There is but one question presented and argued in the brief of counsel for plaintiff in error. It was raised in the lower court by a motion challenging the jurisdiction of the superior court to entertain the action. The county court is a constitutional court, while the county superior court was organized and created under an act of the Legislature approved March 6, 1909. Sess. Laws Okla. 1909, p. 181. It is the contention of plaintiff in error that the county court alone had jurisdiction to entertain, try and determine this case on appeal from the judgment rendered by the justice of the peace. The Constitution provides:

Section 1, art. 7:

"The judicial power of this state shall be vested in the Senate, sitting as a court of impeachment, a Supreme Court, district courts, county courts, courts of justices of the peace, municipal

courts, and such other courts, commissions or boards inferior to the Supreme Court as may be established by law."

Section 11, art. 7:

"There is hereby established in each county in this state a county court, which shall be a court of record."

Section 12, art. 7:

"* * * It shall have such appellate jurisdiction of the judgments of justices of the peace in civil and criminal cases as may be provided by law, or in this Constitution."

Section 14, art. 7:

"Until otherwise provided by law, the county court shall have jurisdiction of all cases on appeals, from judgments of the justices of the peace in civil and criminal cases."

The foregoing present the portions of the Constitution necessary for the consideration of the question before us, and it is to be noted that in the two sections last cited the appellate jurisdiction of the county court exists as to judgments of justices of the peace, such "as may be provided by law," and "until otherwise provided by law." These quoted phrases, occurring twice in the Constitution, in our judgment leave no room for the contention that it was intended to vest in the county court exclusive appellate jurisdiction of judgments of justices of the peace; nor are these phrases susceptible to the construction that it would require a constitutional amendment to make provision for placing such appeals in any other court. Speaking of the policy involved in the creation of the superior courts, Justice Hayes, speaking for this court in the case of *Burks v. Walker*, 25 Okla. 353, 109 Pac. 544, says:

"A careful reading of the various provisions of the Constitution by which jurisdiction is conferred upon all the courts except the Supreme Court, will readily disclose that it was the policy of the framers of the Constitution in a great measure to leave the question of jurisdiction of the various courts of the state subject to legislative disposition and control. And when the condition of the courts and their dockets at the time of the framing of the Constitution is recalled, it can be readily understood why the framers of the Constitution did not undertake to fix by hard

and fast rule the jurisdiction of the inferior courts of the state. Two different judicial systems had theretofore prevailed within the territory now constituting the state. The dockets of all the courts were badly crowded, and it was impossible to foretell just what division of jurisdiction between the various courts would enable the courts of the state to dispose of the business already accumulated upon the dockets and that might reasonably be expected to arise."

This being true, it remains to be determined just what the effect of the act creating the superior court was with reference to cases pending on appeal from judgment of justices of the peace, in the county court. Section 2 thereof (Sess. Laws Okla. 1909, p. 181) provides:

"Every such court shall have and exercise concurrent jurisdiction with the district court in all proceedings, causes or matters, and concurrent jurisdiction with the county court in all civil and criminal matters, except matters of probate."

Herein is fixed the jurisdiction of the superior court. It is vested with concurrent jurisdiction with the county court in all civil and criminal matters except matters of probate. "Concurrent jurisdiction" was defined by the Supreme Court of the territory of Oklahoma, in the case of *Rogers v. Bonnett*, 2 Okla. 553, 37 Pac. 1078, wherein, quoting from authority, the learned Justice McAtee, who prepared the opinion for the court, said:

" 'Concurrent' is 'having the same authority,  *  *  *  such as such courts have concurrent jurisdiction; that is, each has the same jurisdiction.' Bouv. Law. Dict. p. 311. 'Concurrent jurisdiction is that of several different tribunals, each authorized to deal with the same subject-matter.' Rapalje & Lawrence's Law Dict. The probate court has, therefore, the same authority and is authorized to deal with such a case in the same manner and to the same degree and with the same jurisdiction as that of the district courts."

See, also, *State v. Sinnott & Stone*, 89 Me. 41, 35 Atl. 1007, and *Hercules Iron Works v. Elgin, J. & E. Ry. Co.*, 141 Ill. 491, 30 N. E. 1050.

In the section of the statute last referred to there is no limitation whatsoever upon the character of the jurisdiction taken by

the superior court under this act, with the exception of matters of probate. In all other things aside from matters of probate the superior court has jurisdiction identical with the county court, in matters within that court's jurisdiction.

The conclusion to which we have come in our judgment finds support also in the language contained in section 10 of the act. It will be noted therein that it is provided that:

"The judge of the district court of the county or counties in which said superior court is created by operation of this act, shall, upon motion of the plaintiff in any cause now pending in said district court, or which may hereafter be filed in such district court, transfer such cause or causes by order to the superior court, * * * and the county court in those counties in which a superior court is created by operation of this act, shall likewise transfer all civil causes within the jurisdiction of the superior court hereby created to such superior court upon motion of plaintiff in any such cause or causes, and the same shall stand for trial in the said superior court."

Referring to this section of the act, this court said, in the case of *Burks v. Walker, supra*:

"By this provision, the Legislature, in creating the court with jurisdiction concurrent with the district and county courts, attempted to afford an opportunity to relieve the dockets of the district and county courts by permitting a cause already instituted to be transferred to the superior court for final disposition, and at the same time not deprive the plaintiff in any such action of the opportunity to choose the forum in which he will prosecute his action, which opportunity all statutes conferring concurrent jurisdiction of any cause upon two or more courts affords to the plaintiff. Without this provision in the act, the plaintiff in any cause already instituted in the district or county courts might, by dismissing the same without prejudice, reinstate it in the superior court. No reason appears why he should not be permitted to do directly that which he might do indirectly without this provision of the statute. Where two or more courts have concurrent jurisdiction of the same cause of action, necessarily the statute conferring such jurisdiction gives to the plaintiff the opportunity of selecting the forum in which he shall institute and prosecute his action."

In the section of the statute last noted, which refers to the transfer of causes from the county court to the newly created superior court, no exception is made of cases appealed to that court from justices of the peace. Just as no exception is made in section 2, by conferring concurrent jurisdiction thereon, the conclusion, as we view the question, is irresistible that no exception was intended.

The judgment of the trial court is, accordingly, affirmed.

All the Justices concur.