## WILLIAM DALTON v. STATE.

No. A-617.  Opinion Filed June 6, 1911.

(116 Pac. 954.)

1.  **JURY—Trial by Jury—Number of Jurors.** In all criminal trials in courts of record except county courts, in which a defendant is entitled to a jury, the jury must consist of 12 men. The right to demand in such cases a jury of 12 men is a constitutional right.

2.  **JURY—Jury Trial—Number of Jurors—Constitutional Law.** The provision in the act creating and establishing superior courts, prescribing "that all misdemeanor cases shall be tried by a jury of six men instead of twelve" (proviso in section 1970, Snyder's Stat.), is unconstitutional.

3.  **JURY—Criminal Prosecutions—Waiver of Jury.** Section 5435, Wilson's Stat. (section 6774, Snyder's Stat.), providing that in criminal trials "issues of fact must be tried by a jury," is repugnant to section 20, art 7, of the state Constitution, and therefore was not adopted as a law of the state.

4.  **JURY—Jury Trial—Number of Jurors—Waiver.** Upon a trial for a misdemeanor in a superior court, the defendant may waive his right to trial by a jury of 12 men, and with his consent may be tried by a jury of 6, but the record must expressly show his consent thereto.

(Syllabus by the Court.)

*Appeal from Superior Court, Logan County; J. M. Sandlin, Judge.*

The plaintiff in error, William Dalton, was informed against, tried, and convicted of the crime of having unlawfully in his possession intoxicating liquors with the intention of selling the same. The trial was had without objection before a jury composed of 6 men. He was found guilty, and on October 30, 1909, was sentenced to serve a term of 30 days in the county jail and pay a fine of $100 and costs, and brings error. Reversed and remanded.

*John A. Remy,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.    The only important question which the record presents is whether the court erred in the absence of an objection on the part of the defendant in impaneling a jury of only six persons to try the cause.    Section 19 of the Bill of Rights provides:

"The right of trial by jury shall be and remain inviolate, and a jury for the trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve men; but, in county courts and courts not of record, a jury shall consist of six men."

In addition to the district courts and county courts provided for in the Constitution, the Legislature created and established in every county in the state having a population of 30,000 or more, and having a city therein with 8,000 or more, a court of civil and criminal jurisdiction coextensive with the county, to be known as the superior court of such county, which shall be a court of record, and providing that such superior court shall have and exercise concurrent jurisdiction with the district court and concurrent jurisdiction with the county court in all civil and criminal matters except matters of probate.    Act approved March 6, 1909, c. 24, art. 4, Snyder's Stat.

The act further provides, section 1970, Snyder's Stat.:

"The procedure in said court shall follow the procedure that is or may be provided for the district court.    The juries for said court shall be selected in the same manner as juries for the district court, and the jury commissioners of all counties in which a superior court is created by operation of this act, whenever they

meet to make jury lists for the district court shall make an additional certified list of jurors of the same number as for the district court and mark the same, 'Jury List No. 3, for the superior court,' and shall deliver the same to the clerk of the superior court, and said clerk and the sheriff of the county shall select from said list the jurors for the superior court in the same manner as the sheriff and clerk of the district court select jurors for the district court. Juries in said court shall be composed of the same number of men, of the same qualifications as in the district court, and all laws relative to juries and jurors for district courts shall be, and are hereby made applicable to the said superior court. Provided, however, that all misdemeanor cases shall be tried by a jury of six men, instead of twelve, to be selected the same as juries in the district court."

In the case of *Hill v. State,* 3 Okla. Cr. 686, 109 Pac. 291, it was held that the superior courts created by act approved March 6, 1909, are not "county courts," as the latter term is used in section 19, of the Bill of Rights, even when exercising jurisdiction concurrent with county courts, and the provision in the act prescribing "that all misdemeanor cases shall be tried by a jury of six men instead of twelve," is unconstitutional and void.

Judge Richardson, delivering the opinion of the court, used the following language:

"It is a court *sui generis.* It has the jurisdiction of a district court, and also jurisdiction which the district court does not have. It has concurrent jurisdiction with the county court in certain matters, but not in all, and it has jurisdiction which the county court does not have. It is a court of record other than the county court. The county court referred to in section 19, of article 2, of our Constitution is the county court created by section 11, of article 7, of that same Constitution; and that court is the only court of record in this state in which a jury of six men may be used. The Legislature is powerless in the face of the Constitution to provide otherwise. The test is not the character of case to be tried, but the court in which it is tried. See *People v. Luby,* 56 Mich. 551 [23 N. W. 218], an almost identical case decided by Chief Justice Cooley, one of the greatest of constitutional lawyers. It may be that, tested by reason and logic, the provision should be otherwise; but that is a matter for the consideration of the people in their sovereign capacity of Constitution makers and amenders, and not for us. There is nothing more unreason-

able or illogical in this procedure than there is in trying an action for $600 claimed as debt in the district court with a jury of twelve men, while the county court in an adjoining room is trying the very same character of case for the very same amount with a jury of six men. Under the Constitution twelve men constitute a jury in the superior court in all cases, and in civil cases and misdemeanors it requires the concurrence of at least nine jurors to render a verdict, and in felony cases the concurrence of the full twelve."

Under the federal Constitution, art. 3, § 2, and the laws of Oklahoma territory (section 5435, Wilson's Stat.), providing "issues of fact must be tried by a jury," the right of a trial by jury could not be waived by a defendant in a criminal prosecution arising before statehood. And section 19, of the Bill of Rights, providing that "the right of trial by jury shall be and remain inviolate," considered alone, would preserve the right of trial by jury as it existed at the time of the adoption of the state Constitution, were it not for the fact that our state Constitution further provides (section 20, art. 7):

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by jury; in which case the finding of the judge, upon the facts, shall have the force and effect of a verdict by jury."

Section 6774, Snyder's Stat. (section 5435, Wilson's Stat.), providing that "issues of fact must be tried by a jury," is repugnant to the foregoing constitutional provision and therefore was not adopted under section 2 of the Schedule of the Constitution as a law of the state. It cannot be denied that the superior court had jurisdiction of the offense and the person of the defendant. *Ex parte Whitehouse,* 3 Okla. Cr. 97, 104 Pac. 372.

The constitutional clause prescribing a jury of 6 men for the trial of misdemeanors in the county courts, and the similar provision contained in section 1970, Snyder's Stat., constitutes at least consent on the part of the state that the defendant may waive his right to a jury of 12, and consent to a trial by a jury of 6 men in a superior court for a misdemeanor. We have no doubt that with the waiver and consent by the defendant, made

and shown by the record, a legal trial could be had in this case with a jury composed of 6 men.

"Where a constitutional right in a criminal cause is largely for the benefit of the accused or in the nature of a personal privilege, the law is well settled that an accused may waive such right." (*Starr v. State,* 5 Okla. Cr. 440, 115 Pac. 365.)

Under the constitutional provision and the laws of this state, upon a trial for misdemeanor in a superior court, the defendant may have a choice of three modes of trial; either by a constitutional jury of 12, or by a jury of 6 persons, where he waives his right to a jury of 12, or by the court, the state consenting.

The only statute prescribing how a jury may be waived is section 5808, Snyder's Stat. This provision of the Civil Code provides that a jury trial may be waived with the assent of the court "by written consent, in person or by attorney, filed with the clerk. By oral consent, in open court, entered on the journal."

Section 20, art. 7, of our Constitution is identical with section 13, art. 4, of the Constitution of North Carolina.

In the case of *Hahn v. Brinson,* 133 N. C. 7, 45 S. E. 359, the court said:

"It is provided by the Code that a jury trial may be waived by written consent, in person or by attorney, filed with the clerk, or by oral consent, entered in the minutes, and that, when a jury trial is thus waived, the decision of the judge shall be filed with the clerk during the term of the court at which the trial takes place. * * * And as the requirements of the Code and of the rule of this court have not been complied with, we must hold that there was no agreement to waive a jury trial and consequently no consent to the rendition of judgment out of term because there is no legal evidence of the same."

In the case of *Farmers' National Bank of Tecumseh v. McCall,* 25 Okla. 600, 106 Pac. 866, 26 L. R. A. (N. S.) 217, our Supreme Court said:

"The Supreme Court of North Carolina has never held under such provisions of the Constitution and the enforcing statutes thereto that a jury might be waived *de hors* the record."

It has been held by this court in the case of *Cowden v. State,* 5 Okla. Cr. 71, 113 Pac. 202, that this constitutional provision

applies to criminal as well as civil cases, and is self-executing, and where the defendant waives a jury, the state consenting, all questions of fact and of law are for the court, and the court is authorized to try the question of the guilt of the accused under a plea of not guilty.

We are of opinion that it is incumbent on the state to show by the record that the defendant waived his right to a constitutional jury, and consented to be tried by a jury of six men. This is the law in civil cases, and it certainly cannot be said in reason that in criminal cases where the defendant's liberty is at stake an express waiver of the right to be shown by the record is unnecessary. We are not willing to establish such a rule.

It is a questionable practice for *nisi prius* courts to take the initiative in holding statutes unconstitutional, and it is a matter of commendation that the superior court passed the important question of the constitutionality of this provision of the statute to the appellate courts.

Our conclusion is that for the reason stated the lower court erred in overruling the motion for a new trial.

The judgment is therefore reversed and the cause remanded to the superior court of Logan county, with direction to grant a new trial.

FURMAN, P. J., and ARMSTRONG, J., concur.