JOHN ANTONELLI *et al.* v. STATE.

No. A-849. Opinion Filed September 5, 1911.

(117 Pac. 654.)

1. **COURTS — Superior Courts — "County Courts."** The superior courts created by act approved March 6, 1909 (Laws 1909, c. 14, art. 7), are not "county courts" as the term is used in section 19 of the Bill of Rights, even where exercising jurisdiction concurrent with the county courts.

2. **JURY—Jury Trial—Number of Jurors—Constitutional Law.** Under section 19 of the Bill of Rights, which provides that trial by jury shall remain inviolate, and that a jury for the trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve men, but in county courts shall consist of six men, the provision in act approved March 6, 1909 (Laws 1909, c. 14, art. 7), establishing superior courts, that all misdemeanor cases shall be tried by a jury of six men, instead of twelve, is void.

3. **JURY—Jury Trial—Number of Jurors—Waiver.** Defendant upon trial in a superior court for a misdemeanor may waive his right to trial by a constitutional jury of twelve men, and upon his written consent in person or by attorney may be tried by a jury of six men, but such waiver must be expressly shown by the record.

(Syllabus by the Court.)

*Appeal from Superior Court of Pittsburg County; P. D. Brewer, Judge.*

John Antonelli and Paul Antonelli were convicted of a violation of the liquor law, and they appeal. Reversed and remanded.

*Leighton E. Worthley,* for plaintiffs in error.

*Simth C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiffs in error were informed against, tried, and convicted in the superior court of Pittsburg county for a violation of the prohibition law. The trial was had before a jury composed of only six men. The record does not show that the defendants waived their right to a trial by a jury of twelve men.

In the case of *Hill v. State,* 3 Okla. Cr. 686, 109 Pac. 291, it was held that the superior courts created by act approved March 6, 1909 (Laws 1909, c. 14, art. 7), are not "County Courts," as the latter term is used in section 19 of the Bill of Rights, even when exercising jurisdiction concurrent with county courts, and the provision in the act prescribing "that all misdemeanor cases shall be tried by a jury of six men instead of twelve" is unconstitutional and void.

The only statute prescribing how a jury may be waived is section 5808, Snyder's Stat. This provision of the Civil Code provides that a jury trial may be waived with the assent of the court "by written consent, in person or by attorney, filed with the clerk; by oral consent, in open court, entered on the journal." In the case of *Dalton v. State, infra,* 116 Pac. 954, it was said:

"We are of opinion that it is incumbent on the state to show by the record that the defendant waived his right to a constitutional jury, and consented to be tried by a jury of six men. This is the law in civil cases, and it certainly cannot be said in reason that in criminal cases where the defendant's liberty is at stake an express waiver of the right to be shown by the record is unnecessary. We are not willing to establish such a rule."

It is not necessary to consider the other assignments of error.

The judgment is reversed, and the cause remanded to the superior court of Pittsburg county, with direction to grant a new trial.