TOM ANDERSON v. STATE.

JOE LIGHTLE v. STATE.

J. F. FIELDS v. STATE.

Nos. A-1074, A-1075, A-1076.   Opinion Filed April 8, 1912.

(123 Pac. 442.)

1.   **COURTS—Superior Court—Jurisdiction.**   The superior courts of Oklahoma have concurrent jurisdiction with the county courts to hear and determine misdemeanor cases.

2.   **SAME — Stare Decisis — Constitutional Questions.**   Principles of public policy demand a stable and fixed construction of constitutional law; and that which has been deliberately decided should not be unsettled, unless clearly erroneous.

(Syllabus by the Court.)

*Appeal from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Tom Anderson, Joe Lightle, and J. F. Fields were separately convicted of violation of the prohibitory law, and appeal.   Judgments affirmed.

*S. M. Rutherford* and *Chas. A. Moon,* for appellants.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, P. J.   On the 31st day of January, 1911, appellant J. F. Fields was convicted in the superior court of Muskogee county for a violation of the prohibitory liquor law of the state, and his punishment was assessed at 30 days' confinement in the county jail and a fine of $200.

On the 1st day of February, 1911, appellant Tom Anderson was convicted in the superior court of Muskogee county for a violation of the prohibitory liquor laws of the state, and his punishment was assessed at 30 days' confinement in the county jail and a fine of $200.

On the 2d day of February, 1911, appellant Joe Lightle was convicted in the superior court of Muskogee county for a violation of the prohibitory liquor laws of the state, and his punishment was assessed at 30 days' confinement in the county jail and a fine of $250.

But one question is involved in these three appeals, and that is that the superior court of Muskogee county was without jurisdiction to hear and determine either of said cases. Counsel for appellants have filed an able brief in support of their contention. If time and the volume of business which we have on hand would permit, we would be glad to reply at length to the argument made and authorities cited by counsel for appellants, but this is not necessary; for we regard this question as settled in Oklahoma. See *Ex parte Whitehouse,* 3 Okla. Cr. 99, 104 Pac. 372. After the best investigation we were able to give this question, we there came to the conclusion that the superior courts of this state did have jurisdiction to hear and determine these cases. Notwithstanding the able brief of counsel for appellants, we are still of the opinion expressed in the Whitehouse case.

In *Burks v. Walker,* 25 Okla. 360, 109 Pac. 547, the Supreme Court of Oklahoma, Justice Hayes speaking for the court, said:

"It is also contended that section 2 of the act [Sess. Laws 1909, c. 14, art. 7] is in conflict with section 12 of article 7 of the Constitution, in that it gives to the superior court jurisdiction concurrent with the county court over misdemeanor cases, and that, without this provision conferring jurisdiction of misdemeanor cases upon the superior court, the act would not have been passed; and therefore the entire act should be struck down. Section 12, art. 7, was before the Criminal Court of Appeals for consideration and construction in *Ex parte Whitehouse,* 3 Okla. Cr. 99, 104 Pac. 372, wherein that court, in an able and exhaustive opinion written by Mr. Judge Owen, held that the provision of section 12, conferring upon the county court exclusive jurisdiction in all misdemeanor cases, except those cases of which it had concurrent jurisdiction with justices of the peace, existed only until otherwise provided by the Legislature; and upon this question we concur in the reasoning and conclusion reached by the court in that case."

This opinion was concurred in by Chief Justice Kane and Justices Dunn and Turner; Justice Williams not participating.

Principles of public policy demand a stable and fixed construction of constitutional law; and that which has been deliberately decided should not be unsettled, unless clearly erroneous.

The question of the constitutionality of the provisions of the statute which confer jurisdiction upon the superior court in both civil and criminal cases has been directly submitted to and expressly passed upon by this court, and also by the Supreme Court, in the case above quoted. This question was again submitted to and upheld by the Supreme Court in the case of *Fire Insurance Co. v. Phillip,* 27 Okla. 234, 111 Pac. 334. The opinion is by Justice Dunn, and was concurred in by all of the Justices. Justice Dunn first quoted with approval from the case of *Burks v. Walker,* hereinbefore cited, as follows:

"A careful reading of the various provisions of the Constitution by which jurisdiction is conferred upon all the courts, except the Supreme Court, will readily disclose that it was the policy of the framers of the Constitution in a great measure to leave the question of jurisdiction of the various courts of the state subject to legislative disposition and control. And, when the condition of the courts and their dockets at the time of the framing of the Constitution is recalled, it can be readily understood why the framers of the Constitution did not undertake to fix by hard and fast rule the jurisdiction of the inferior courts of the state. Two different judicial systems had theretofore prevailed within the territory now constituting the state. The dockets of all the courts were badly crowded; and it was impossible to foretell just what division of jurisdiction between the various courts would enable the courts of the state to dispose of the business already accumulated upon the dockets, and that might reasonably be expected to arise."

Justice Dunn then proceeds as follows:

"This being true, it remains to be determined just what the effect of the act creating the superior court was with reference to cases pending on appeal from judgment of justices of the peace in the county court. Section 2 thereof (Sess. Laws Okla. 1909, p. 181) provides: 'Every such court shall have and exercise concurrent jurisdiction with the district court in all proceedings, causes or matters, and concurrent jurisdiction with the county

court in all civil and criminal matters, except matters of probate.' Herein is fixed the jurisdiction of the superior court. It is vested with concurrent jurisdiction with the county court in all civil and criminal matters, except matters of probate. 'Concurrent jurisdiction' was defined by the Supreme Court of the territory of Oklahoma, in the case of *Rogers v. Bonnett,* 2 Okla. 553, 37 Pac. 1078, wherein, quoting from authority, the learned Justice McAtee, who prepared the opinion for the court, said: ' "Concurrent" is "having the same authority, * * * such and such courts have concurrent jurisdiction; that is, each has the same jurisdiction." Bouv. Law. Dict., p. 311. "Concurrent jurisdiction is that of several different tribunals, each authorized to deal with the same subject-matter." Rapalje & Lawrence's Law Dict. The probate court has, therefore, the same authority, and, is authorized to deal with such a case in the same manner and to the same degree and with the same jurisdiction, as that of the district courts.' See, also, *State v. Sinnott & Stone,* 89 Me. 41, 35 Atl. 1007, and *Hercules Iron Works v. Elgin, J. & E. Ry. Co.,* 141 Ill. 491, 30 N. E. 1050.

"In the section of the statute last referred to there is no limitation whatsoever upon the character of the jurisdiction taken by the superior court under this act, with the exception of matters of probate. In all other things, aside from matters of probate, the superior court has jurisdiction identical with the county court in matters within that court's jurisdiction.

"The conclusion to which we have come, in our judgment, finds support, also, in the language contained in section 10 of the act. It will be noted therein that it is provided that: 'The judge of the district court of the county or counties in which said superior court is created by operation of this act, shall, upon motion of the plaintiff in any cause now pending in said district court, or which may hereafter be filed in such district court, transfer such cause or causes by order to the superior court. * * * and the county court in those counties in which a superior court is created by operation of this act, shall likewise transfer all civil causes within the jurisdiction of the superior court hereby created to such superior court upon motion of plaintiff in any such cause or causes, and the same shall stand for trial in the said superior court.'

"Referring to this section of the act, this court said, in the case of *Burks v. Walker, supra*: 'By this provision, the Legislature, in creating the court with jurisdiction concurrent with the district and county courts, attempted to afford an opportunity to

relieve the dockets of the district and county courts by permitting a cause already instituted to be transferred to the superior court for final disposition, and at the same time not deprive the plaintiff in any such action of the opportunity to chose the forum in which he will prosecute his action, which opportunity all statutes conferring concurrent jurisdiction of any cause upon two or more courts affords to the plaintiff. Without this provision in the act the plaintiff in any cause already instituted in the district or county courts might, by dismissing the same without prejudice, reinstate it in the superior court. No reason appears why he should not be permitted to do directly that which he might do indirectly without this provision of the statute. Where two or more courts have concurrent jurisdiction of the same cause of action, necessarily the statute conferring such jurisdiction gives to the plaintiff the opportunity of selecting the forum in which he shall institute and prosecute his action.' "

In this opinion, Justice Dunn expressly stated that the superior courts "are vested with concurrent jurisdiction with the county court in all civil and criminal matters, except matters of probate." And, again: "In all other things, aside from matters of probate, the superior court has jurisdiction identical with the county court in matters within that court's jurisdiction." With these decisions from both courts, we are at a loss to understand how counsel can consider the jurisdiction of superior courts in such cases as an open question. Even if we were in doubt as to the correctness of the views expressed in the Whitehouse case, as to which we have none, it would be an act of gross discourtesy on our part to the Supreme Court to disregard what they had expressly decided and deliberately declared in the two cases above quoted from. While this court is expressly vested by the Constitution with exclusive appellate jurisdiction in all criminal cases, yet we have always endeavored to treat the decisions of the Supreme Court with the utmost respect, whenever they involve any matters coming before us for decision; and we are not disposed to differ with that court, unless we should feel compelled to do so from absolute necessity, because no possible good can come from an unnecessary and unseemly conflict in the decisions of the two appellate courts of the state, and such conflict will never arise by any wanton act on our part.

In addition to what has already been said, even if this was an open question, there is another consideration which we think should have a controlling influence in its determination. No one clause of the Constitution should be construed by itself, and to the exclusion of the other portions of the same instrument; but all portions of the Constitution, relating to the same question, should be construed together, and, as far as possible, harmonized with each other. The Constitution in express terms gives the Legislature power to create inferior courts, but does not attempt to say what the jurisdiction of such inferior courts shall be. It is a familiar principle of law that, whenever an express power is given to do a certain thing, this carries with it the right to do all other things which are necessary for the complete exercise of the power expressly granted. It would indeed be a vain thing for the Constitution to give the Legislature power to establish inferior courts, and then leave them powerless to establish the jurisdiction of such courts. Such evidently was not the intention of the framers of the Constitution or the people who voted for and adopted it; for that instrument, in a great measure, leaves the question of the jurisdiction of the inferior courts of the state subject to legislative disposition and control. No court has the rightful power to declare any law unconstitutional, unless it is in irreconcilable conflict with the Constitution. Every presumption must be indulged in favor of the constitutionality of the law. When the Legislature enacts a law and the Governor approves it, they are in duty bound to consider the question of its constitutionality, and it will not be presumed that they were mistaken or violated their oaths in this respect; and courts have no rightful power to set aside their decisions of this question, where it is possible to harmonize the law with the Constitution. Courts should be exceedingly careful in considering the constitutionality of a law.

We therefore decline to recede from the position taken in the Whitehouse case. The jurisdiction of the superior court of Muskogee county to try these cases is upheld and sustained; and the judgment in each of said cases is affirmed.

ARMSTRONG and DOYLE, JJ., concur.