## *Ex parte* ANDERSON.

No. 3884.   Opinion Filed June 11, 1912.

(124 Pac. 980.)

1.   COURTS—Rules of Decision—Previous Decisions Controlling.   It
is a settled policy of this court to follow the construction given to
criminal statutes by the Criminal Court of Appeals, since the en-
forcement of such statutes must be in accordance with such con-
struction.

    (a)   The same rule applies as to the determination of the
constitutionality of a criminal statute.

2.   CRIMINAL LAW—Statutes—Jurisdiction of Courts—General and
Special Laws.   The act of March 6, 1909, entitled ''An act cre-
ating and establishing a county superior court for each county of
the state having a population of 30,000, and a city therein of 8,000,
and fixing the jurisdiction of said courts, * * * '' (Laws
1909, c. 14, art. 7), is not in conflict with section 12, art. 7, in
that it confers misdemeanor jurisdiction on said court.

    (a)   Said act is not repugnant to section 59, art. 5, which
provides that laws of a general nature shall have a uniform opera-
tion throughout the state.

    (b)   It is not violative of section 46y, art. 5, of the Constitu-
tion, which forbids the passage of any local or special law au-
thorizing the summoning or impaneling of grand or petit juries.

3..   STATUTES—Effect of Partial Invalidity—Creation of Court.
Section 2 of the act of March 6, 1909, entitled ''An act creating
and establishing a county superior court for each county of the
state having a population of 30,000, and a city therein of 8,000,
and fixing the jurisdiction of said courts, * * * '' (Laws
1909, c. 14, art. 7), conferred jurisdiction on the superior courts in
misdemeanor cases.   Section 6 of the same act, providing the pro-
cedure and practice for such court, contained a proviso that all
misdemeanor cases should be tried in said court by a jury of six
men instead of twelve.   This proviso was declared by the Crim-
inal Court of Appeals to be repugnant to the Constitution.   Held
that, although that part of the statute is unconstitutional, yet
that fact alone is not sufficient to authorize this court to declare
that part of section 2 conferring misdemeanor jurisdiction on the
superior courts void, unless all the provisions are connected in the
subject-matter, depending on each other, operating together for
the same purpose, or otherwise so connected together in meaning
that it cannot be assumed that the Legislature would have passed
the one without the other.

(Syllabus by the Court.)

Application by Tom Anderson for writ of *habeas corpus.*
Denied.

*Kistler, McAdams & Haskell,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., opposed.

WILLIAMS, J.   On February 1, 1911, the petitioner, Tom Anderson, was convicted in the superior court of Muskogee county on a charge of violating the prohibitory liquor laws of the state, and his punishment was assessed at thirty days' imprisonment in the county jail and a fine of $200.   In due time, a proceeding in error to review said judgment was prosecuted in the Criminal Court of Appeals.   On April 8, 1912, the said court affirmed said judgment of conviction.

Counsel for petitioner urge that the act of March 6, 1909, entitled "An act creating and establishing a county superior court for each county of the state having a population of 30,000, and a city therein of 8,000, and fixing the jurisdiction of said courts, * * *" (Sess. Laws 1909, p. 181), is repugnant to the Constitution of this state, for the following reasons:   (1) In conflict with section 7, art. 12, in that it confers misdemeanor jurisdiction on said court; (2) repugnant to section 59, art. 5, which provides that laws of a general nature shall have a uniform operation throughout the state; (3) violative of section 46y, art. 5, forbidding the passage of any local or special law authorizing the summoning or impaneling of grand or petit juries; (4) that part of said act providing for a jury of six in said court for the trial of misdemeanor cases being in conflict with the Constitution (*Hill v. State,* 3 Okla. Cr. 686, 109 Pac. 291), the same falls, and therefore the entire provision relating to misdemeanor jurisdiction must fall.

In *State ex rel. Ikard v. Russell, Judge, ante,* 124 Pac. 1092, it was held to be the settled policy of this court to follow the construction given to criminal statutes by the Criminal Court of Appeals, since the enforcement of such statutes must be in accordance with such construction.   The same rule applies in determining the constitutionality of a criminal statute.   *State v. Russell, supra; Herndon v. Hammond, County Judge,* 28 Okla. 616, 115 Pac. 775; *Flood v. State ex rel.,* 27 Okla. 852, 113 Pac. 914; *Ex parte Justus,* 26 Okla. 101, 110 Pac. 907.

It is urged by counsel for the petitioner that this court is not bound by the decisions of the Criminal Court of Appeals; that the Supreme Court is the highest court in point of rank and jurisdiction in the state, the Criminal Court of Appeals being inferior to it, and, under the supervisory power of the Supreme Court, may be restrained within its proper jurisdiction and its holdings reviewed. The Assistant Attorney General insists that, if such supervisory power exists, *certiorari,* and not *habeas corpus,* is the remedy, citing *Carnall v. Crawford,* 11 Ark. 604. It is not essential to determine this question in this case.

Section 2, art 7, of the Constitution, is as follows:

"The appellate jurisdiction of the Supreme Court shall be coextensive with the state, and shall extend to all civil cases at law and in equity, and to all criminal cases until a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases shall be established by law. The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law. The Supreme Court shall have power to issue writs of *habeas corpus,* mandamus, *quo warranto, certiorari,* prohibition, and such other remedial writs as may be provided by law, and to hear and determine the same. * * *"

The Criminal Court of Appeals in certain cases has jurisdiction in prohibition, mandamus, and *habeas corpus* proceedings. *Herndon v. Hammond, County Judge, supra; Eubanks v. Cole,* 4 Okla. Cr. 25, 109 Pac. 736; *State ex rel. Sims v. Caruthers, Judge,* 1 Okla. Cr. 428, 98 Pac. 474; *Ex parte Show,* 4 Okla. Cr. 416, 113 Pac. 1062; *Ex parte Adair,* 5 Okla. Cr. 374, 115 Pac. 277; *Ex parte Martin,* 6 Okla. Cr. 224, 118 Pac. 155; *State ex. rel. v. Russell, Judge, supra.*

In *Anderson v. State,* 7 Okla. Cr. 130, 123 Pac. 442, it was held that the superior courts of this state have concurrent jurisdiction with the county courts to hear and determine misdemeanor cases, following *Ex parte Whitehouse,* 3 Okla. Cr. 99, 104 Pac. 372. This court, in *Burks v. Walker,* 25 Okla. 353, 109 Pac. 544, seems to have concurred in that holding.

In *Oklahoma Fire Insurance Co. v. Phillip,* 27 Okla. 234, 111 Pac. 334, it was held: "County superior courts created by the act

of the Legislature approved March 6, 1909 (Sess. Laws 1909, p. 181), have, except as to matters of probate, concurrent jurisdiction with the county courts in all civil and criminal matters." In that case the validity or constitutionality of the act was not challenged, and therefore its repugnancy to the Constitution of this state was not passed on, and such question has never been passed on by this court when it was essential to the determination of the case, or under any state of facts except when it may be regarded as clearly *obiter*.

The Criminal Court of Appeals having construed the act creating the superior court as to its misdemeanor or criminal jurisdiction, and held that the same in that respect was not violative of the Constitution, this court, following the rule declared in *State ex rel. Ikard v. Russell, Judge, supra,* without a re-examination as to the correctness of such holding, follows the same.

2. Said act does not appear to be repugnant to section 59, art. 5, of the Constitution; it being a general law, having a uniform operation throughout the state. See citations under section 59 (148) art. 5, Constitution of this state (Williams' Ann. Const.).

The county and district courts have concurrent jurisdiction of certain civil actions. The plaintiff may elect as to which court as to such action he will proceed in against the defendant. In the district courts such cause will be tried before a jury of twelve but, if brought and prosecuted in the county court, the same action will be tried before a jury of six. As to every action tried before a jury in the county court, it is before a jury of six; likewise, as to every action tried before a jury in the superior court, it is before a jury composed of twelve members. The law operates uniformly over the entire state, applying to all persons alike under the same circumstances. That seems to meet the requirements of said section 59.

3. Is said act repugnant to section 46y of article 5 of the Constitution, forbidding the passage of any local or special law, authorizing the summoning or impaneling of grand or petit juries? Said act is neither a special nor a local law. *Coyle v. Smith,* 28 Okla. 121, 113 Pac. 944.

Ex parte Anderson.

4. That part of said act providing for misdemeanor cases to be tried in said court before a jury of six having been declared void as being repugnant to the provisions of the Constitution of the state (*Hill v. State,* 3 Okla. Cr. 686, 109 Pac. 291), it is insisted that all of said act relating to misdemeanor jurisdiction must therefore fall, as this court cannot assume that the Legislature would have incorporated in said act a provision conferring misdemeanor jurisdiction on such courts to be tried before a jury. of twelve.

"Where a part of a statute is unconstitutional, that fact alone is not sufficient to authorize the courts to declare the remainder void, unless all the provisions are connected in the subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed that the Legislature would have passed the one without the other." (*In re County Com'rs of Counties Comprising Seventh Judicial District,* 22 Okla. 435, 98 Pac. 557.)

In *Burks v. Walker, supra,* it is said:

"And when the condition of the courts and their dockets at the time of the framing of the Constitution is recalled, it can be readily understood why the framers of the Constitution did not undertake to fix by hard and fast rule the jurisdiction of the inferior courts of the state."

The superior courts were created in each county having a population of 30,000 and a city therein of 8,000 population. This was done on account of the congestion of the court dockets, with a view of clearing the same. It is a matter of common knowledge that in the large cities the prohibitory laws are difficult to enforce. This court, prior to that time, held that the violation of the prohibitory laws was a misdemeanor (*Ex parte Cain,* 20 Okla. 125, 93 Pac. 974), and in counties with large urban population the dockets were crowded, not only with civil and felony, but also misdemeanor, cases, especially cases involving the violation of the prohibitory laws. It is to be assumed that the Legislature passed this act for the purpose of expediting the trial of such cases, especially criminal causes.

In *Mattox v. State,* 115 Ga. 212, 41 S. E. 709, an act creating the city court of Valdosta was under consideration. In the opin-

ion, applying the same rule as announced by this court in *Re County Com'rs of Counties Comprising Seventh Judicial District, supra,* it is said:

" * * * It cannot be said that the manner in which the trivial cases referred to above are to be tried was in any sense so connected with the general scope of the act that the court thereby created would not have been brought into existence by the Legislature without the provision which denies a jury trial in those cases involving trifling amounts. The legislative will and purpose manifested by the act, taken as a whole, is to provide a local court for the relief of the superior court in misdemeanor cases, and in civil cases where under the Constitution the superior court has not exclusive jurisdiction. The deprivation of trial by jury in cases involving $50 or less could not have been considered by the General Assembly as such an essential part of the measure creating the city court of Valdosta that it would not have passed the act if it had known that it had no constitutional power to make a provision having that effect a part of the act. The main purpose of the act was the creation of a court of the character above referred to. The manner of trial to be followed in that court in cases of trifling importance, embracing unquestionably a very small part of the cases falling within the jurisdiction of the court, was merely a matter of minor detail. To hold the section unconstitutional which takes away the right of trial by jury in suits for $50 or less would not in any material or substantial way disturb the general scheme of the act, for the effect of such a ruling would be simply to eliminate from the act the paragraph in question, and make applicable to the cases referred to in the paragraph the other provisions of the act in reference to trial by jury. No further legislation would be required, and the practice and procedure of the court would not be in any material respect altered. Viewing the act as a whole, we do not think that portion which, if valid, would have resulted in a deprivation of the right of jury trial in such a small and comparatively insignificant class of cases, when it is provided for all other classes of cases, and when the method and machinery for obtaining juries is provided, is such an essential part of the scheme of the act creating the court as that its withdrawal from the act would have the effect to render the entire act void. The effect of this ruling is to give to litigants in all cases in the city court of Valdosta the right to demand a trial by jury, or, in other words, to give litigants in that court, in suits involving $50 or less, the

same rights with respect to jury trial as are provided by the act for litigants in other cases."

See, also, *Harper v. State,* 109 Ala. 28, 19 South. 857; *Trimble v. Commonwealth,* 96 Va. 818, 32 S. E. 786; *State ex. rel. Anderson v. Sullivan,* 72 Minn. 126, 75 N. W. 8; *State v. Duluth, G. & W. Co., etc.,* 76 Minn. 96, 78 N. W. 1032, 57 L. R. A. 63.

Besides, the provision that all misdemeanor cases shall be tried by a jury of six men, instead of twelve, to be selected the same as juries in the district court, is contained in section 6 of the act creating the superior courts (chapter 14, art. 7, sec. 6, p. 183), whilst the misdemeanor jurisdiction is conferred upon said court by section 2 of said act, which provides:

"Every such court shall have and exercise concurrent jurisdiction with the district court, in all proceedings, causes, or matters, and concurrent jurisdiction with the county court in all civil and criminal matters, except matters of probate."

Section 6 provides:

"The procedure in said court [superior court] shall follow the procedure that is or may be provided for the district court. The juries for said court shall be selected in the same manner as juries for the district court, and the jury commissioners of all counties in which a superior court is created by operation of this act, whenever they meet to make jury lists for the district court, shall make an additional certified list of jurors in the same manner as for the district court and mark the same 'Jury List No. 3, for the Superior Court,' and shall deliver the same to the clerk of the superior court and said clerk and the sheriff of the county shall select from said list the jurors for the superior court in the same manner as the sheriff and clerk of the district court select jurors for the district court. Juries in said court shall be composed of the same number of men, of the same qualifications as in the district court, and all laws relative to juries and jurors for district courts shall be, and are hereby made applicable to the said superior courts; provided, however, that all misdemeanor cases shall be tried by a jury of six men, instead of twelve, to be selected the same as juries in the district court. Appeals from said court shall be taken to the Supreme Court of the state, and to the Criminal Court of Appeals of the state, in the same manner as is now or may hereafter be provided by law for taking appeals from the district court to said appellate courts."

When we look at the entire act in the light of the history of its adoption, it can neither be assumed nor can it be made to appear from the act that the Legislature would not have passed said act containing section 2, as it now exists, conferring misdemeanor jurisdiction on said courts, with the proviso in section 6 as to six jurors for misdemeanor cases eliminated therefrom. *In re County Com'rs of Counties Comprising Seventh Judicial District, supra.*

The petition for a writ of *habeas corpus* will be denied.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.